THE MCDANIEL LAW FIRM, P.C.
54 Main Street
Hackensack, New Jersey 07601
201-845-3232
201-845-3777 (Facsimile)
*Attorneys for Plaintiff*

| | |
|---|---|
| PETER BROWNSTEIN<br><br>        Plaintiff,<br><br>    v.<br><br>TINA LINDSAY and ETHNIC TECHNOLOGIES, LLC.<br><br>        Defendants. | UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY<br><br>CIVIL ACTION NO.:<br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiff PETER BROWNSTEIN by way of Complaint against Defendants TINA LINDSAY and ETHNIC TECHNOLOGIES, LLC, alleges as follows:

SUMMARY OF ACTION

1. This is an action brought under federal copyright law seeking a declaratory judgment that plaintiff Peter Brownstein is the co-author of a joint work for which defendant Tina Lindsay registered a copyright in 1996 and that he is entitled to continue receiving a reasonable royalty for the exploitation of the joint work. In addition, Brownstein, who is the author of multiple programs used to encode name and address lists with ethnic characteristics, seeks imposition of a constructive trust or resulting trust as well as replevin of various creative works, of which he is the sole author, that are maintained at the offices of defendant Ethnic Technologies, LLC.

## THE PARTIES

2. Plaintiff Peter Brownstein (hereinafter "Brownstein") is an individual residing at 54 Broad Avenue, Apt. 5B, Palisades Park, New Jersey 07650. Brownstein is the owner of 50 percent of the issued shares of TAP Systems, Inc., a New Jersey Corporation (hereinafter "TAP"), which in turn is a 50 percent owner of defendant E-Tech, a New Jersey limited liability company. As set forth below, Brownstein is also a manager and formerly the Chief Information Officer of E-Tech, the author of multiple computer programs used in the business of E-Tech, including a series of programs which he holds the copyright for, and the putative co-author of the Lindsay Cultural Identification System for which two copyrights were filed in 1996.

3. Defendant Tina Lindsay (hereinafter "Lindsay") is an individual residing at 44 Briarwood Avenue, Keansburg, New Jersey 07734. Lindsay is the other 50 percent shareholder of TAP and is also a manager and Chief Financial Officer, Director of Research of E-TECH. She is the co-author of a work previously known as the "Lindsay Cultural Identification System" (hereinafter "LCID"), an ethnic determinant system for which two copyrights were filed in 1996.

4. Defendant Ethnic Technologies, LLC ("E-Tech") is located at 600 Huyler Street, South Hackensack, New Jersey 07606 and is a joint venture between TAP and Consumers Marketing Research, Inc. ("CMR"). E-Tech provides list and data enhancement services for ethnic, religious, and language preference for targeted marketing and other uses. Its products include software licensed to third parties, name and address list encoding for ethnic characteristics and the sale of direct mail lists targeting specific ethnic or language groups.

## JURISDICTION AND VENUE

5. This is an action seeking a declaratory judgment, pursuant to 28 U.S.C. §2201, declaring Plaintiff Brownstein a co-author and co-owner of two copyrighted works falsely registered by Defendant Lindsay as her own works.

6. This Court has original subject matter jurisdiction over this matter under 28 U.S.C. §1338(a) because it seeks declaratory judgment concerning questions of federal law arising under the U.S. Copyright Act, 17 U.S.C. §101 et seq.

7. This Court has supplemental jurisdiction over the claims arising under state law pursuant to 28 U.S.C. § 1367 as they are so related to claims in the action within the original jurisdiction of this Court that they form part of the same case or controversy.

8. Upon information and belief, Defendant is a New Jersey domiciliary who maintains a New Jersey residence in this district and is subject to general jurisdiction within this State.

9. Venue is proper under 28 U.S.C. § 1400(a) in that the Defendants reside in this district are subject to personal jurisdiction in this district at the commencement of this action, and because the events which gave rise to this claim occurred in this district.

## FACTS

10. Lindsay and Brownstein were co-workers at Future Prospective Clients, Inc. and List Services Direct, Inc. in the early 1990s. Between 1993 and January, 1996, Lindsay developed a process for identifying a person's probable ethnic characteristics (race, ethnic background, language, religion) based on a set of rules applied to the person's name and address. Lindsay's work was done outside of her regular employment duties.

11. Brownstein, also working outside the scope of his employment, wrote a set of computer programs to apply Lindsay's process to databases containing names and addresses, a process that would ultimately come to be known as ethnic encoding.

12. Lindsay, as the sole author, filed a copyright registration, No. TXu00073082, effective February 12, 1996, entitled "An ethnic determinant system: knowledge and role exception basis" (the "3082 Registration"). A copy of the certificate of 3082 Registration, believed to be true and correct, is attached hereto as **Exhibit A.**

13. On June 17, 1996, TAP Systems, Inc. ("TAP") was organized under New Jersey law. Lindsay and Brownstein each received 50 percent of the shares of TAP. Lindsay was elected president and Brownstein was elected secretary/treasurer.

14. According to publicly available information, Lindsay then secured a second copyright registration, No. TXu000778127, effective December 10, 1996 (the "8127 Registration"), also as the sole author. The claim alleged the addition of new matter and that Lindsay was the sole author of the work. Brownstein was not supplied with a copy of the certificate of registration. A copy of the publicly available information is attached hereto as **Exhibit B.**

15. On June 1, 1997, Lindsay, individually, as the copyright holder, executed a "Software License Agreement" conveying to TAP the exclusive license to market, demonstrate and distribute the matter covered by the copyrights. The licensed product was identified as the "LCID" that "consists of a setoff both computer programs and data files." A true and correct copy of the license is attached hereto as **Exhibit C.**

16. The material registered by Lindsay in the U.S. Copyright Office was a joint work, including both the rules created by her for ethnic encoding and the source

code of the computer programs created by Brownstein. The application falsely states that the Lindsay is the sole author of said derivative works, omitting Brownstein as the co-author.

17. In 1997, Brownstein created at least six computer programs to enhance the LCID. Brownstein applied for and received a certificate of U.S. copyright registration to the source code of said six computer programs, as derivative works of the LCID, in his own name as author. A true copy of said certificate of registration labeled **Exhibit D** is attached hereto.

18. On or about September 26, 1997, TAP entered into a joint venture agreement with Consumers Marketing Research, Inc., a New Jersey Corporation (hereinafter "CMR"), to form LLC. As a part of said agreement, TAP licensed its intellectual property including LCID and its derivative works (now called the TAP System) to LLC and CMR licensed its database of ethnic names also to LLC. Brownstein, Lindsay and Ginger Nelson ("Nelson") were named managers of the LLC. The agreement specifically disclaimed any agency relationship between the members.

19. In 1998, Brownstein created at least two computer programs to enhance the LCID. Brownstein applied for and received a certificate of U.S. copyright registration to the source code of said two computer programs, as derivative works of the LCID, in his own name as author. A true copy of said certificate of registration labeled **Exhibit E** is attached hereto.

20. On or about December 28, 2000, TAP entered into the operating agreement with CMR, to form Ethnic Technologies, LLC, a New Jersey limited liability company ("E-Tech"). Subject to said agreement, TAP licensed its TAP System through

December 31, 2017, at which time E-Tech is to dissolve and distribute its assets to the members.

21. From 2000 to June 2009, Brownstein created numerous computer programs to enhance the LCID. Each such program was identified as the property of TAP Systems.

22. In May 2009 commenced an action in the Superior Court of New Jersey, Chancery Division, Bergen County, captioned *Brownstein v. Lindsay,* No. C-150-09, alleging, *inter alia,* that Nelson, Lindsay and E-Tech's Chief Executive Officer were attempting exclude Brownstein from the business. Defendants Nelson and Lindsay purported to "terminate" Brownstein as Chief Information Officer and have excluded him from the premises. On September 4, 2009, Brownstein consented, without admission of liability, to an injunction prohibiting him from entering E-Tech's premises. A companion matter, *Lindsay v. Brownstein,* Docket No. C-209-09, was subsequently filed seeking a compelled share of Brownstein's interest in TAP and E-Tech.

23. During the course of discovery, Brownstein's attorneys had reason to suspect that the 8127 Registration contained computer programs that he had authored and sought to secure a copy of the deposited work for review. The U.S. Copyright Office, however, rejected the request. Brownstein first discovered the existence and scope of the 8127 Registration as a joint work when defendant Lindsay testified that she had incorporated Brownstein's programs in the 8127 Registration during her deposition in February 2010. Brownstein also first discovered the existence of the license from Lindsay to TAP in February 2010.

24. Brownstein thereafter demanded of Lindsay, through her counsel, that she amend the 8127 Registration. Lindsay's lawyer expressly repudiated Brownstein's co-ownership of the copyright by letter dated March 9, 2010.

COUNT ONE
(Declaratory Judgment as to the LCID)

25. Brownstein repeats and re-alleges the foregoing paragraphs as if fully set forth herein.

26. The 8127 Registration is a joint work, incorporating the encoding rules authored by Lindsay and the programs written by Brownstein as complete work. Brownstein is the co-author and co-owner of the copyrighted work as provided for by the Copyright Act, 17 U.S.C. §101, et seq.

27. Upon information and belief, Lindsay was aware of Brownstein's ownership interest and, with scienter, failed to apprise Brownstein of the fact that his programs had been incorporated into the 8127 Registration or that she had made the written assignment of the LCID to TAP.

28. Brownstein discovered the existence of the joint work only as a result of litigation involving the principals of E-Tech. He was at all times treated as the co-owner of TAP's intellectual property and had no reason to believe that Lindsay was claiming the LCID, including his programs, for herself.

29. The foregoing conduct of Lindsay in obtaining said certificates of U.S. copyright registrations to the LCID in her own name is in direct conflict with the ownership rights of Brownstein to the LCID.

30. By virtue of the foregoing, an actual and justiciable controversy exists between Brownstein and Lindsay with respect to whether Brownstein is the co-author of the LCID.

31. Accordingly, Brownstein is entitled to a declaration that he is the co-author of the LCID and co-owner of the copyright to the LCID.

**WHEREFORE,** Plaintiff demands judgment against defendant as follows:

    A. A declaration that Brownstein is the co-author of the LCID and co-owner of the copyright to the LCID;

    B. A declaration that the 8127 certificate of U.S. copyright registration to the LCID in the name of Tina Lindsay be corrected to add Brownstein as the co-author of the work;

    C. A declaration that unilateral assignment by Lindsay of the LCID to TAP does not convey the interest of Brownstein as joint author of the work;

    D. A declaration of a reasonable royalties arising from the use of the LCID;

    E. For attorney fees and cost of the suit;

    F. For such other and further relief as the Court deems appropriate.

COUNT TWO
(Imposition of a Constructive Trust)

32. Brownstein repeats and re-alleges the foregoing paragraphs as if fully set forth herein.

33. From the time that TAP was formed through the present, Lindsay and Brownstein were fiduciaries to each other as owners of TAP and as Managers of E-Tech.

34. In breach of the duties of loyalty and care, Lindsay failed to disclose to Brownstein that the 8127 Registration concerned a joint work of which Brownstein was the co-author.

35. Brownstein has contributed to the development of the LCID extensively, writing approximately 100 programs for its development and application and supervising the development of multiple derivate works, including software for multiple platforms.

36. Lindsay has disclaimed Brownstein's rights as co-author and is seeking to exclude him from the business of E-Tech, which successfully markets the LCID and derivative works.

37. Lindsay will be unjustly enriched if she is permitted to retain sole ownership of the LCID and, accordingly, a constructive trust must be declared concerning the work and in the receipt of all proceeds, past and future, received as a result of the exploitation of the LCID.

**WHEREFORE,** plaintiff demands judgment against defendants as follows:

   A. Imposition of a constructive trust on the LCID for the benefit of TAP and Brownstein;

   B. Imposition of an equitable lien on the LCID in favor of Brownstein;

   C. An accounting for the royalties due and owing to Brownstein as co-author;

   D. For attorney fees and cost of the suit;

   E. For such other and further relief as the Court deems appropriate.

## COUNT THREE
### (Imposition of a Resulting Trust)

38. Brownstein repeats and re-alleges the foregoing paragraphs as if fully set forth herein.

39. Brownstein has contributed to the development of the LCID extensively, writing approximately 100 programs for its development and application and supervising the development of multiple derivate works, including software for multiple platforms.

40. Brownstein's work has been incorporated in the joint work contained in the 8127 Registration and the derivative works thereafter developed by E-Tech.

41. At no time did Brownstein intend to convey his ownership interest in the intellectual property he developed individually, nor to convey any right to make derivative works.

42. A resulting trust should be imposed on the LCID to the extent necessary to protect Brownstein's interest.

**WHEREFORE,** plaintiff demands judgment against defendants as follows:

A. Imposition of a resulting trust on the LCID for the benefit of Brownstein;

B. Imposition of an equitable lien on the LCID in favor of Brownstein;

C. An accounting for the royalties due and owing to Brownstein as co-author;

D. For attorney fees and cost of the suit;

E. For such other and further relief as the Court deems appropriate.

## COUNT FOUR
### (REPLEVIN)

43. Brownstein repeats and re-alleges the foregoing paragraphs as if fully set forth herein.

44. Brownstein has contributed to the development of the LCID extensively, writing approximately 100 programs for its development and application and supervising the development of multiple derivate works, including software for multiple platforms.

45. The foregoing programs contain the individually owned intellectually property of Brownstein, much of it developed over a career as a software developer.

46. All works created prior to the execution of the 2000 agreement between TAP and CMR are the individual property of Brownstein and he claims authorship and the copyrights thereof.

47. Brownstein stored these programs on removable media in his office at E-Tech and on designated storage locations on the E-Tech network. Defendants have locked Brownstein out of the offices of E-Tech and refuse to provide Brownstein with copies of the programs that he authored.

48. The foregoing conduct wrongfully interferes with Brownstein's rights as author, including the right to make copies of work that he authored and the right to prevent the unauthorized use by others.

**WHEREFORE,** plaintiff demands judgment against defendants as follows:

A. For replevin of copies of all programs authored by Brownstein;

B. For an order prohibiting the destruction or obliteration of archival copies of the software utilized by E-Tech;

C. For attorney fees and cost of the suit;

D.  For such other and further relief as the Court deems appropriate.

## JURY DEMAND

Plaintiff Brownstein demands trial by jury of all issues so triable.

Dated: March 22, 2010

_____
Jay R. McDaniel, Esq. (JRM9687)
The McDaniel Law Firm, P.C.
54 Main Street
Hackensack, New Jersey 07601
201-845-3232
201-845-3777 (Facsimile)
*Attorneys for Plaintiff Peter Brownstein*

## LOCAL RULE 11.2 CERTIFICATION

I certify that to the best of my knowledge, except as set forth in the complaint concerning the matters pending in the Superior Court of New Jersey, Chancery Division, Bergen County, captioned, *Brownstein v. Lindsay*, Docket Nos. C-150-09 and *Lindsay v. Brownstein*, C-209-09, the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding,

Dated: March 22, 2010

_____
Jay R. McDaniel, Esq. (JRM9687)
The McDaniel Law Firm, P.C.
54 Main Street
Hackensack, New Jersey 07601
201-845-3232
201-845-3777 (Facsimile)
*Attorneys for Plaintiff Peter Brownstein*