**THE MCDANIEL LAW FIRM, P.C.**
54 Main Street
Hackensack, New Jersey 07601
201-845-3232
201-845-3777 (Facsimile)
*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PETER BROWNSTEIN,<br><br>             Plaintiff,<br><br>        v.<br><br>TINA LINDSAY and ETHNIC TECHNOLOGIES, LLC.,<br><br>             Defendants. | Civ. Action. No. 3:10-cv-01581 (JAP) (TJB) |

**PLAINTIFF PETER BROWNSTEIN'S BRIEF IN OPPOSITION
TO DEFENDANTS' MOTION TO DISMISS**

# Table of Contents

Table of Authorities ............................................................................................................. 3

Preliminary Statement ........................................................................................................ 4

Factual Summary ............................................................................................................... 6

Legal Argument .................................................................................................................. 7

    Point I ............................................................................................................................ 7
        Defendants' Motion Applies
        the Wrong Standards to Brownstein's
        Co-Authorship and Co-Ownership Action
            A Claim for Infringement Will Not Lie Between Co-Authors ............. 7
            The Injury Requirement ............................................................................. 8

    Point II ......................................................................................................................... 10
        Brownstein's Claims for Declaratory Judgment
        as a Co-Author are Timely Because
        They Were Brought Within Months of Actual Injury

    Point III ....................................................................................................................... 14
        Brownstein's Replevin Claim Accrued only when
        Defendants Locked him out of E-Tech in June 2009

    Point IV ....................................................................................................................... 15
        Brownstein's Remedies Are Not Limited
        By the Settlement of the State Court Action

Conclusion ....................................................................................................................... 16

## TABLE OF AUTHORITIES

**CASES**

Gaiman v. McFarlane, 360 F.3d 644 (7th Cir. 2004) ................................................................. 11
In re Mid--Center Redevelopment Corp., 383 F. Supp. 954 (D.N.J. 1974).................................. 5
Mason v. Jamie Music Publishing Co., 658 F.Supp.2d 571 (S.D.N.Y. 2009)............................. 13
Merchant v. Levy, 92 F.3d 51 (2d Cir. 1996) ............................................................................... 11
O'Keeffe v. Snyder, 83 N.J. 478 (1980)........................................................................................ 15
Ritchie v. Williams, 395 F.3d 283 (6th Cir. 2005) ...................................................................... 11
SBK Catalogue Partnership v. Orion Pictures Corp., 723 F. Supp. 1053 (D.N.J. 1989)............ 8, 9
Stone v. Williams, 970 F.2d 1043 (2d Cir. 1992)..................................................................... 5,11
William A. Graham Co. v. Haughey, 568 F.3d 425 (3d Cir. 2009).......................................... 9, 10
Zuill v. Shanahan, 80 F.3d 1366 (9th Cir. 1996) ......................................................................... 11

**STATUTES**

17 U.S.C. § 106............................................................................................................................. 9
17 U.S.C. § 204(a) ....................................................................................................................... 13
17 U.S.C. § 507(b) ....................................................................................................................... 13
N.J.S.A. 2A:14-1.......................................................................................................................... 15

**RULES**

Fed. R. Civ. P. 12(b)(6)........................................................................................................... 4, 15

Plaintiff Peter Brownstein ("Brownstein") respectfully submits this Memorandum in opposition to Tina Lindsay's ("Lindsay") and Ethnic Technologies, LLC's ("E-Tech") (collectively "Defendants"), motion to dismiss for failure to state a claim pursuant to <u>Fed. R. Civ. P.</u> 12(b)(6).

## PRELIMINARY STATEMENT

Brownstein sues in this action for a declaration that he is the co-author of Copyright No. TXu000778127 (" the 8127 Registration"), effective December 10, 1996, together with claims for imposition of constructive and resulting trusts and replevin of copies of software in Defendants' possession. Defendants now move to dismiss Brownstein's Complaint on the basis that sufficient "storm warnings" existed that Brownstein should "have discovered the <u>alleged infringement</u> through the exercise of due diligence" in 1997. (Def. Brf., p. 7.) (emphasis provided). Defendants' motion must be denied for four reasons:

<u>First</u>, Defendants applied the wrong legal standard. Claims of infringement will not lie between co-authors; thus the argument that Brownstein had a "storm warning" of infringement is without merit. The issue is whether Brownstein had reason to believe that defendants disputed his rights as co-author, an event that first occurred on March 9, 2010. Defendants' claim that Brownstein was on inquiry notice before any repudiation of his rights (and, thus, before any injury actually occurred) is without merit. The claim is timely.

<u>Second</u>, even applying the "infringement" standard argued by defendants, the events that purportedly gave Brownstein cause to investigate are not "storm warnings," but rather commercial transactions between and among co-owners seeking to exploit the intellectual property they created. Brownstein concededly had no knowledge of the existence or the content of the 8127 registration, and continued to receive the full benefits as a co-author for 13 years

4

before the repudiation occurred. Defendants cannot now argue that as a matter of law he was on notice that his ownership was disputed, nor can they avoid the application of equitable doctrines such as estoppel and concealment. The claim is timely.[1]

Third, Defendants did not interfere with Brownstein's possessory rights in the programs to which he contributed until June 29, 2009. The assertion that they should have been asserted before Defendants' interference is without merit.

Fourth, the suggestion that Brownstein is in any way limited in the relief available by the settlement of the state oppressed shareholder action or the subsequent sale of his interest in TAP Systems, Inc. ("TAP") is without merit and contrary to both the terms of the settlement and a carve-out Order entered on consent in the state court action.

Applying the correct standard, all four of Brownstein's claims are timely under relevant statutes of limitations. The accrual of a cause of action for co-ownership is still a matter of first impression in this Circuit. Nonetheless, all of the federal courts that have considered this issue require clear and unequivocal conduct that is inconsistent with one's rights as a co-author. No such conduct can be found within the pleadings or Defendants' motion papers. The motion to dismiss must be denied.

---

[1] Defendants presume, but make no argument in support of their presumption, that the dismissal of Count One of the Complaint would require the dismissal of Count Two and Count Three. Defendants are mistaken. Counts Two and Three (for imposition of constructive and resulting trusts, respectively) are equitable remedies that would arise in the event that there is no claim at law. See Stone v. Williams, 970 F.2d 1043, 1051-52 (2d Cir. 1992)(imposing constructive trust on prior three years profits after holding that co-owner's claim was time-barred). That federal common law recognizes the remedies of constructive and resulting trusts is undisputed. See In re Mid--Center Redevelopment Corp., 383 F. Supp. 954, 971-72 (D.N.J. 1974). As Defendants neither offered substantive argument nor cited authority to support the presumption that such claims would be dismissed, we address the suggestion only in passing.

## FACTUAL SUMMARY

This is a case involving two former principals in a close corporation organized to exploit a rules system initially developed and copyrighted by defendant Lindsay that permitted ethnic information to be inferred from a name and address. (Compl., ¶¶ 12-13.) Plaintiff alleges that shortly after the corporation was formed, defendant Lindsay, without his knowledge or providing him a copy of the registration, filed the 8127 registration, a derivate copyright, in which she incorporated Brownstein's work in the form of computer programs used to manipulate data according to the rules system she developed. (Compl., ¶¶ 14, 23.) Lindsay also, without Brownstein's knowledge or consent, individually executed an assignment of the "combined" system of rules and computer programs to TAP, the company that they owned together. (Compl., ¶ 15.)

Brownstein discovered the existence of the 8127 registration and the assignment made by Lindsay individually in February 2010 during the course of oppressed shareholder litigation in the Superior Court of New Jersey (Compl., ¶ 23.)

## LEGAL ARGUMENT

### POINT I

### DEFENDANTS' MOTION APPLIES THE WRONG STANDARDS TO BROWNSTEIN'S CO-AUTHORSHIP AND CO-OWNERSHIP ACTION

Defendants have confused copyright infringement with an action to establish a party's rights as the co-author of a copyrighted work. (See Def. Brf., Point I, p. 7.) ("he failed … to investigate how his alleged intellectual property was being used or misused"); ("The initial inquiry for this Court is whether Brownstein should have discovered the alleged infringement, i.e. Lindsay's failure to acknowledge his co-authorship, upon which he bases his claim.") Defendants are mistaken, however.

### A CLAIM FOR INFRINGEMENT WILL NOT LIE BETWEEN CO-AUTHORS

The relevant issue is not whether Defendants used Brownstein's intellectual property, but whether on the face of the pleadings (or in documents of which the Court may properly consider on a motion to dismiss) Defendants' conduct was inconsistent with Brownstein's status or rights as co-author. Co-authors have the unrestricted right to use or license copyrighted material, subject to their duty to account for the royalties. SBK Catalogue Partnership v. Orion Pictures Corp., 723 F. Supp. 1053, 1062 (D.N.J. 1989).

Defendants' motion fails to recognize that co-authors have no right to sue another co-author for infringement. Thus, the use or licensing of the copyright by his co-author, as a matter of law, was not inconsistent with Brownstein's co-authorship and could not give rise to a duty to investigate in the absence of some other conduct. SBK Catalogue Partnership, 723 F. Supp. at 1062. (internal citations omitted) ("It is well settled that … joint copyright owners cannot maintain actions against each other for infringement of the rights jointly held."). The exclusive

7

rights delineated in 17 U.S.C. § 106 are held jointly by co-owners, allowing each an independent right to use the copyright. SBK Catalogue Partnership, 723 F. Supp. at 1062.

Infringement, however, is a violation of an ownership interest in a copyright by a non-owner. 17 U.S.C. § 501(a). Thus, an infringement action cannot be maintained against a joint owner who exercises his legal right to use or license others to use the copyright. SBK Catalogue Partnership, 723 F. Supp. at 1062. Brownstein does not, and, under applicable case law, cannot state a cause of action for infringement against Lindsay.

**THE INJURY REQUIREMENT**

Defendants' argument that William A. Graham Co. v. Haughey, 568 F.3d 425 (3d Cir. 2009) requires dismissal of the Complaint is incorrect. Defendants contend that Counts One through Three[2] of Brownstein's Complaint must fail because he failed to recognize or investigate infringement and thus to act on the "storm warnings" of infringement that occurred more than three years before the Complaint was filed. (Def. Brf., pp. 6-8.)

Defendants' application of Haughey, however, confuses infringement with the injury alleged in the Complaint. See Haughey, 568 F.3d at 438 (under the discovery rule, a cause of action accrues when plaintiff discovers, or with due diligence should have discovered, the injury that forms the basis of the claim.) Brownstein alleges that he was unaware that Lindsay took copies of his programs and included them as part of her own work. (Compl., ¶ 23, 27-28.) A party is injured when conduct occurs that is inconsistent with co-authorship, which occurred only when defendants repudiated Brownstein's status as co-author. Haughey, 568 F.3d at 439. (See

---

[2] Count One of Brownstein's Complaint seeks a declaratory judgment as to his status as co-author, and therefore co-owner, of the 8127 copyright registration. (Compl., ¶¶ 25-31.) Counts Two and Three seek the imposition of constructive and resulting trusts on the ownership interests of this copyright. (Compl., ¶¶ 32-42.)

8

Point II, infra.)  Brownstein's duty to inquire cannot precede actual injury, nor can it precede his knowledge that his programs had been incorporated in a copyright registration.

In summary, Defendants' assertion that the use or licensing of intellectual property constituted "infringement," putting Brownstein on inquiry notice, is based on a fundamental misreading of the causes of action alleged in the Complaint.

POINT II

**BROWNSTEIN'S CLAIMS FOR DECLARATORY JUDGMENT
AS A CO-AUTHOR ARE TIMELY BECAUSE
THEY WERE BROUGHT WITHIN MONTHS OF ACTUAL INJURY**

Defendants' motion must be denied because Defendants have failed to identify any conduct before March 9, 2010 that was inconsistent with Brownstein's status as co-author. Without such conduct, Brownstein had no reason to investigate Lindsay's conduct. Although the accrual of a claim for co-authorship is an issue of first impression in this Circuit, other Circuits have consistently held that a claim for co-authorship accrues when a defendant acts in a manner that is inconsistent with plaintiff's claim of co-authorship. See Merchant v. Levy, 92 F.3d 51, 56 (2d Cir. 1996) (plaintiffs received no royalties on popular song they had co-authored); Stone v. Williams, 970 F.2d 1043, 1048 (2d Cir. 1992) (plaintiff, illegitimate daughter of Hank Williams, learned of interest in copyrights for which she received no payment);. Zuill v. Shanahan, 80 F.3d 1366, 1370 (9th Cir. 1996) ( "plain and express repudiation" of co-authorship marks the accrual date);  Gaiman v. McFarlane, 360 F.3d 644, 653 (7th Cir. 2004)  (claim accrued when plaintiff learned defendant violated rights by repudiating ownership of copyright); Ritchie v. Williams, 395 F.3d 283, 289 (6th Cir. 2005) (performer's written notice of refusal to work with co-authors).

None of the events identified are inconsistent with a claim of co-authorship. On the contrary, Defendants readily concede that Brownstein worked on the development of the intellectual property, he was an officer and owner of TAP Systems, and he was the Chief Information Officer and one of the managers of defendant E-Tech. Not only did Brownstein not know that Lindsay claimed his work as her own, but he was also treated as a partner in every

sense of the word, helping manage the enterprise, developing improvements and sharing in the financial rewards equally with his co-author.

- Defendants' assertion that the certification submitted by Brownstein in 1997 somehow acknowledged that Lindsay was claiming Brownstein's work as her own is without any merit. (Def. Brf., p. 2.) The subject matter of the certification was the first copyright registration, which is not – at this point, at least – the subject of a claim in this case.

- Likewise the assertion that Brownstein and Lindsay, as TAP, contributed the intellectual property to the E-Tech joint venture fails to identify any conduct that would give Brownstein any reason to believe that his rights as co-author had been repudiated.

- Defendants' assertion that the written agreements (signed only by Lindsay) licensing, transferring or contributing TAP's rights to E-Tech either vitiated Brownstein's interest as co-author or somehow caused a transfer or assignment of those rights inconsistent with his rights as co-author is equally without merit. As the assignee of Lindsay's rights as co-author, TAP had the unquestionable right to contribute, license or assign those rights to a joint venture without Brownstein's consent. As long as Brownstein shared equally in the rewards of that assignment – and there is no suggestion that he did not -- he had no cause to complain and it is axiomatic that one cannot be on inquiry notice of a claim that has yet to cause any injury. (See Point I, supra.)

Defendants do not claim – and indeed cannot – that Brownstein participated in the preparation or filing of the 8127 copyright, nor is there any dispute that he only discovered that

11

the 8127 registration included his source code in February 2010 during Lindsay's deposition in connection with the state court litigation. (Compl.,¶ 23.) Brownstein filed his declaratory judgment claims well within the three year limitation imposed by 17 U.S.C. § 507(b).

Finally, defendants' assertion that the terms of the two operating agreements between TAP and Consumers Marketing Research ("CMR") creating E-Tech were inconsistent with his rights and status as co-author are without merit as a matter of law. An assignment of a copyright must be in writing. 17 U.S.C. § 204(a); Mason v. Jamie Music Publishing Co., 658 F.Supp.2d 571, 580 (S.D.N.Y. 2009). Lindsay did, in fact, assign her copyright to TAP in writing and Brownstein did not. As the assignee of Lindsay's copyright, TAP had the right to exploit the copyright with or without Brownstein's consent as long as Brownstein received an equal share of the profits. TAP, in turn, had the right to make a further assignment or contribute the copyright to E-Tech, again with or without Brownstein's consent, but subject to the obligation to account to the co-author.

TAP could license or assign what it owned – the non-exclusive right to exploit or transfer the copyright assigned by Lindsay – and did in fact make such a license. Nowhere in the agreements is any mention of a transfer of Brownstein's rights as co-author, nor any suggestion that TAP's grant of rights was exclusive or inconsistent with Brownstein's rights as co-author. In fact, as an undisputable matter of federal law, the terms of the license granted under the two operating agreements are wholly consistent with Brownstein's continued status and rights as co-author.

Brownstein, although ignorant of the fact that Lindsay was claiming his work as her own, was treated as co-author. It was not until Lindsay made a "plain and express repudiation" of Brownstein as co-author of the 8127 registration through her lawyer on March 9, 2010 that his

cause of action accrued.  (Compl., ¶ 24.)  Lindsay never repudiated Brownstein's co-authorship on any previous occasion or acted in any way that was inconsistent with his status as co-author. Accordingly, Brownstein's declaratory judgment claims fall well within the three year statute of limitations.

## POINT III

### BROWNSTEIN'S REPLEVIN CLAIM ACCRUED ONLY WHEN DEFENDANTS LOCKED HIM OUT OF E-TECH IN JUNE 2009

Defendants move to dismiss Brownstein's replevin claim as time- barred, arguing that the cause of action accrued when TAP purportedly transferred the programs to E-Tech.  The argument is without merit because Brownstein as an owner of TAP and manager of E-Tech had custody and control of those programs, which he stored at E-Tech, until he was locked out of the business on June 29, 2009.  Again, defendants argue that the cause of action accrued before he suffered any injury.  Only when Defendants locked Brownstein out of the business did they interfere with his possessory interest and a cause of action accrued in replevin.

O'Keeffe v. Snyder, 83 N.J. 478, 498 (1980), upon which Defendants rely, controls. The cause of action accrued when the Brownstein had notice of the claim – in this case when he knew that he could not retrieve his property from E-Tech's offices.  That conduct occurred in late June 2009.  Count Four of Brownstein's Complaint is well within the six-year statute of limitations pursuant to N.J.S.A. 2A:14-1 and cannot be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## POINT IV

### BROWNSTEIN'S REMEDIES ARE NOT LIMITED BY THE SETTLEMENT OF THE STATE COURT ACTION

Defendants suggest that Brownstein's remedies may be limited by the settlement of the state court action in <u>Brownstein v. Lindsay</u>, Docket No. BER-C-150 and <u>Ethnic Technologies, LLC v. Brownstein</u>, Docket No. BER-C-209. Defendants in that action opposed Brownstein's request to stay the action pending a resolution of this action under the copyright laws and entered into a consent order, the terms of which were incorporated into the settlement. Any suggestion that plaintiff's remedies are in any way limited in this action is flatly contradicted by the complete carve out of the matters raised in this action. (McDaniel Decl. ¶ 2.)

## CONCLUSION

Defendants' motion to dismiss Brownstein's Complaint for failure to state a claim upon which relief may be granted should be denied in its entirety. Defendants have misconstrued the applicable law and readily concede that Brownstein received all of the benefits of co-author, that Brownstein he had no actual knowledge that Lindsay claimed his work as her own and have failed to identify any event that would have put Brownstein on inquiry notice of the fact that his rights as co-author were in dispute. Moreover, Brownstein's replevin claim in Count Four is timely because the requisite taking occurred in June 2009 when Defendants locked Brownstein out of E-Tech and any attempt to limit the remedies available to plaintiff is contrary to the terms of the carve-out order entered in state court. Defendants' motion should be denied.

Dated: June 22, 2010

**THE MCDANIEL LAW FIRM, P.C.**
*Attorneys for Plaintiff*

By: _____
Jay R. McDaniel, Esq.