UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
                                        :
PETER BROWNSTEIN                        :
                                        :
                    Plaintiff,          :
                                        :        Civil Action No. 10-1581 (JAP)
          v.                            :
                                        :        **ORDER**
TINA LINDSAY, et al.                    :
                                        :
                    Defendants.         :
_____ :

Plaintiff, Peter Brownstein, brings this action seeking a declaration that he is co-author of

an alleged joint work that was registered with the United States Copyright Office by defendant

Tina Lindsay.  In addition to the declaration, the complaint seeks imposition of constructive and

resulting trusts, and replevin of copies of the work in the Defendants' possession.  Presently

before the Court is Defendants' motion to dismiss the complaint on the ground that Plaintiffs'

claims are barred by the applicable statute of limitations.

The Third Circuit has noted that "[g]enerally speaking, [courts] will not rely on an

affirmative defense … to trigger dismissal of a complaint under Rule 12(b)(6)." *Rycoline*

*Prods., Inc. v. C & W Unlimited*, 109 F.3d 883, 886 (3d Cir. 1997).  An affirmative defense such

as the expiration of the statute of limitations may provide a basis for dismissal on a Rule 12(b)(6)

motion only in those situations where the defense is "apparent on the face of the complaint."

*Benak v. Alliance Capital Mgmt. L.P.*, 435 F.3d 396, 400 n. 14 (3d Cir. 2006) ("[A] statute of

limitations defense is an affirmative one, and in order to undergird a dismissal, must appear on

the face of the complaint."); *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002) (limitations

defense may be raised on a motion under Rule 12(b)(6) "only if the time alleged in the statement

of a claim shows that the cause of action has not been brought within the statute of limitations")

(internal citations and quotations omitted).  This simply is not such a case.

Although the parties dispute the applicable standard governing the accrual of a claim for

co-authorship, even if the Court were to apply the discovery rule argued by Defendants,[1] their

motion fails.  The complaint alleges that Plaintiff "first discovered the existence and scope of the

[applicable copyright registration] as a joint work" in February 2010, when Lindsay testified in a

deposition that she had incorporated Brownstein's work into the copyrighted work.  Compl. ¶ 23.

Nevertheless, Defendants argue that Brownstein should have known of the facts underlying his

co-authorship claim many years earlier.  The Court finds, however, resolution of such a fact-

based issue is not appropriate on a 12(b)(6) motion.  Accordingly,

IT IS on this 2nd day of December 2010

ORDERED that Defendants' motion to dismiss is DENIED.

/s/ JOEL A. PISANO
United States District Judge

---

[1] Plaintiff argues that the appropriate standard for determining the date of accrual of a claim for co-authorship is "express repudiation."  Pl. Opp. Brf. at 10.  Because the Court finds Defendants' motion fails under the standard that Defendants maintain is applicable, the Court need not resolve the issue in order to decide the instant motion.