**KIRSCH GARTENBERG HOWARD** **LLP**
*Attorneys for Defendants*
Two University Plaza
Hackensack, New Jersey 07601
thoward@kghlaw.com
(201) 488-4644

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

-----------------------------------------------------------X
PETER BROWNSTEIN,

                Plaintiff,         Docket No. 3:10-cv-01581 (JAP)(TJB)

    -against-

TINA LINDSAY and ETHNIC         **ANSWER WITH AFFIRMATIVE DEFENSES**
TECHNOLOGIES, LLC,                  **COUNTERCLAIM AND JURY DEMAND**

                Defendants.
-----------------------------------------------------------X

        Defendants Tina Lindsay and Ethnic Technologies, LLC allege for their Answer to the Complaint:

        1.    Deny the material allegations contained in paragraph 1 of the Complaint.

        2.    Admit that plaintiff was formerly a member of the Board of Directors and an employee of E-Tech and was formerly an owner of 50% of the issued shares of TAP Systems, Inc., but deny that he is currently a Board member or employee of E-Tech or an owner of any interest in TAP Systems, Inc., and deny that he is the co-author of the Lindsay Cultural Identification System, but except as thus expressly stated, deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 2 of the Complaint.

        3.    Admit that defendant Tina Lindsay is an individual residing at the address stated, that she at one time co-owned TAP Systems, Inc. with plaintiff, that she is a member of the Board of Directors and Chief Financial Officer of E-Tech, that that she is the sole author of

the Lindsay Cultural Identification System, but except as thus expressly stated, deny the allegations contained in paragraph 3 of the Complaint.

   4. Admit that E-Tech is a business at the address stated that is co-owned by TAP Systems, Inc. and Consumers Marketing Research, Inc. that provides list brokers and corporations with sophisticated list and data enhancement services for ethnic, religious, and language preference market targeting and uses, including software licenses, name and address list encoding, and direct mail lists, but except as thus expressly stated, deny the allegations contained in paragraph 3 of the Complaint.

   5. Deny that plaintiff is a co-author or co-owner of the works copyrighted by defendant or that any such work was "falsely registered" as alleged by plaintiff, but except as thus expressly stated, deny the allegations contained in paragraph 3 of the Complaint.

   6. Admit that this Court has subject matter jurisdiction over this action.

   7. Deny that this Court may properly exercise supplemental jurisdiction over the state law claims alleged by plaintiff as alleged in paragraph 7 of the Complaint.

   8. Admit that defendant Lindsay is subject to personal jurisdiction within this State.

   9. Admit that the venue of this action is proper.

   10. Admit the allegations contained in paragraph 10 of the Complaint.

   11. Deny the allegations contained in paragraph 11 of the Complaint.

   12. Admit the allegations contained in paragraph 12 of the Complaint.

   13. Admit the allegations contained in paragraph 13 of the Complaint.

   14. Admit the allegations contained in paragraph 14 of the Complaint except deny that Brownstein was not aware of the filing.

   15. Admit that on June 1, 1997 with plaintiff's knowledge and participation defendant Lindsay entered into a Software License Agreement with TAP Systems, Inc. and

refers to the document for the terms thereof, but except as thus expressly stated, deny the allegations contained in paragraph 15 of the Complaint.

16. Deny the allegations contained in paragraph 16 of the Complaint.

17. Deny that plaintiff "enhanced" the LCID or created "derivative works" of the LCID or was an author of the LCID, and deny knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 17 of the Complaint.

18. Admit that on September 26, 1997, with plaintiff's knowledge, agreement and participation, TAP Systems, Inc. entered into an agreement with Consumers Marketing Research, Inc. and refers to the document for the terms thereof, but except as thus expressly stated, deny the allegations contained in paragraph 18 of the Complaint.

19. Deny that plaintiff "enhanced" the LCID or created "derivative works" of the LCID or was an author of the LCID, and deny knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 19 of the Complaint.

20. Admit that on December 28, 2000, with plaintiff's knowledge, agreement and participation, TAP Systems, Inc. entered into an agreement with Consumers Marketing Research, Inc. and refers to the document for the terms thereof, but except as thus expressly stated, deny the allegations contained in paragraph 20 of the Complaint.

21. Admit that plaintiff's job as an employee and derivative owner of E-Tech was to write computer programs or to oversee others who did that job, but except as thus expressly stated, deny the allegations contained in paragraph 21 of the Complaint.

22. Admit that plaintiff brought suit as alleged and asserted the claims identified in the Complaint in the referenced action, that Ginger Nelson and defendant Lindsay terminated plaintiff's employment by E-Tech and had him excluded from the premises for having threatened to kill Ginger Nelson and for having engaged in other conduct inconsistent with his continuing presence on the premises, that plaintiff was enjoined from returning to the premises, and that

Ginger Nelson and defendant Lindsay filed a countersuit to compel the sale of plaintiff's derivative interest in E-Tech, and refer to the complaints and other pleadings for the allegations thereof, but except as thus expressly stated, deny the allegations contained in paragraph 22 of the Complaint.

   23. Deny that Brownstein first learned of the copyrights at the times alleged in this paragraph and deny that defendant Lindsay testified as alleged in this paragraph, and deny knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 23 of the Complaint.

   24. Deny that plaintiff is a co-owner or has any claim to co-ownership and admit that defendants E-Tech and Lindsay have so notified plaintiff, both directly and through counsel, as alleged in paragraph 24 of the Complaint.

## AS TO THE FIRST COUNT

   25. Repeat and reallege their responses to the allegations repeated in paragraph 25 of the Complaint.

   26. Deny the allegations contained in paragraph 26 of the Complaint.

   27. Deny that plaintiff is a co-owner or has any claim to co-ownership, that plaintiff lacked knowledge of the copyrights, or that "his programs" were incorporated into the copyrighted material, and deny every other allegation contained in paragraph 27 of the Complaint.

   28. Deny that Brownstein first learned of the copyrights at the times alleged in this paragraph, that defendant Lindsay testified as alleged in this paragraph, or that plaintiff was ever treated as a "co-owner of TAP's intellectual property" and deny the remaining allegations contained in paragraph 28 of the Complaint.

   29. Deny the allegations contained in paragraph 29 of the Complaint.

30. Deny the allegations contained in paragraph 30 of the Complaint.

31. Deny the allegations contained in paragraph 31 of the Complaint.

### AS TO THE SECOND COUNT

32. Repeat and reallege their responses to the allegations repeated in paragraph 32 of the Complaint.

33. Deny the allegations contained in paragraph 33 of the Complaint.

34. Deny the allegations contained in paragraph 34 of the Complaint.

35. Deny the allegations contained in paragraph 35 of the Complaint.

36. Deny that plaintiff is a co-owner or has any claim to co-ownership or that defendant Lindsay has sought to "exclude" plaintiff from E-Tech for any reason other than his inappropriate behavior as alleged in the state court lawsuit identified in paragraph 22 of the Complaint, and deny that anything done by plaintiff qualifies as either a part of the LCID or as "derivative works", but except as thus expressly stated, deny the allegations contained in paragraph 36 of the Complaint.

37. Deny the allegations contained in paragraph 37 of the Complaint.

### AS TO THE THIRD COUNT

38. Repeat and reallege their responses to the allegations repeated in paragraph 38 of the Complaint.

39. Deny the allegations contained in paragraph 39 of the Complaint.

40. Deny the allegations contained in paragraph 40 of the Complaint.

41. Deny that plaintiff had any "ownership interest" to convey in the intellectual property at issue but except as thus expressly stated, deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 41 of the Complaint.

42. Deny the allegations contained in paragraph 42 of the Complaint.

## AS TO THE FOURTH COUNT

43. Repeat and reallege their responses to the allegations repeated in paragraph 43 of the Complaint.

44. Deny the allegations contained in paragraph 44 of the Complaint.

45. Deny the allegations contained in paragraph 45 of the Complaint.

46. Deny the allegations contained in paragraph 46 of the Complaint.

47. Deny the allegations contained in paragraph 47 of the Complaint except admit that as part of the settlement of the state court actions identified in paragraph 22 of the Complaint, plaintiff surrendered various floppy disks containing programs he had written and relinquished all alleged interest in such disks and the contents thereof.

48. Deny the allegations contained in paragraph 48 of the Complaint.

WHEREFORE, defendants pray for judgment dismissing the Complaint, with costs, including attorneys' fees.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The claims asserted are barred by the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

The claims asserted are barred by the principle of waiver.

## FOURTH AFFIRMATIVE DEFENSE

The claims asserted are barred by the principle of estoppel.

## FIFTH AFFIRMATIVE DEFENSE

Any programs written by plaintiff were works for hire.

## SIXTH AFFIRMATIVE DEFENSE

The claims asserted are barred by the doctrine of laches.

**COUNTERCLAIM**

1. In 1997 plaintiff Peter Brownstein, as an employee of TAP and in his capacity as an employee working at the direction of defendant Lindsay, worked on six computer programs for TAP which constituted work for hire.

2. In 1998, plaintiff Peter Brownstein, as an employee of TAP and in his capacity as an employee working at the direction of defendant Lindsay, worked on two computer programs for TAP which constituted work for hire.

3. Those programs were the intellectual property of TAP, which TAP later licensed to E-Tech along with its other intellectual property.

4. On December 23, 2009, plaintiff improperly and unlawfully applied for copyright registrations for the six programs he worked on as an employee in 1997 and the two programs he worked on in 1998, all of which are owned by TAP and licensed to E-Tech.

5. In support of the applications, plaintiff unlawfully submitted copies of the programs owned by TAP and licensed to E-Tech without defendants' knowledge or authorization, misrepresenting to the Copyright Office that he was the sole author of the programs.

6. Plaintiff falsely registered copyrights in work owned by TAP and licensed to E-Tech, but plaintiff failed to inform the Copyright Office of the material fact that he was not the author or creator of the programs.

7. Plaintiff's misrepresentation and material omissions to the Copyright Office resulted in the Office registering copyrights, which should have been rejected.

8. Plaintiff remains in possession of the programs and has refused to surrender the programs to TAP or E-Tech.

WHEREFORE, Defendants pray for judgment against plaintiff:

A. invalidating and vacating plaintiff's copyright registrations;

   B. Directing plaintiff to return all copies of the programs for which plaintiff registered copyrights;

   C. compensatory and punitive damages for the wrongful conversion of defendant's intellectual property licensed for use by Ethnic Technologies, LLC with interest costs and attorney's fees; and

   D. such other relief as is proper.

## CERTIFICATION OF NO OTHER ACTION

The undersigned certifies pursuant to R.4:5-1 that the matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding.

## JURY DEMAND

Defendants demand a trial by jury on all issues so triable.

Dated: December 17, 2010

        **KIRSCH GARTENBERG HOWARD** LLP
        *Attorneys for Defendants*

        By: /s/ Thomas S. Howard

H:\4008.002 E-Tech (federal)\Pleadings\Answer.doc