UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PETER BROWNSTEIN | : |
| Plaintiff, | : |
| | : Civil Action No. 10-1581 (JAP) |
| v. | : |
| | : **OPINION** |
| TINA LINDSAY, et al. | : |
| Defendants. | : |

PISANO, District Judge.

I.  Introduction

In this copyright dispute, Plaintiff Peter Brownstein sought a declaration that he is co-author of a work that registered with the United States Copyright Office by defendant Tina Lindsay.  In addition to the declaration, the complaint sought replevin of copies of the work in the Defendants' possession.  In February 2012, a jury trial was held during which Defendants moved for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50.  The Court granted that motion and dismissed Plaintiff's claims.  The Court also severed Defendants counterclaim to invalidate plaintiff's December 23, 2009 copyright registrations.  Presently before the Court are the parties' motions for summary judgment as to that counterclaim.

II.  Factual Background

On May 6, 2009, Plaintiff, who at the time was a shareholder in TAP Systems Inc ("TAP") and a member in Ethnic Technologies LLC ("Ethnic") sued a number of defendants, including the Defendants in this case, alleging that he was an oppressed minority shareholder.

*See* Complaint attached as Exh. 1 to Klaproth Decl. That case settled and on May 25, 2010 the parties entered into a settlement agreement (the "Agreement") that provided for, among other things, a buyout of Plaintiff's ownership interests in TAP and Ethnic. Settlement Agreement attached as Exh. 2 to Klaproth Decl. Plaintiff resigned from all positions he held at TAP or Ethnic and the Agreement extinguished "any and all other right, title and interest" of Plaintiff in those entities. The Agreement further provided that Plaintiff would "return all property" of the defendants in that case to them including, but not limited to, "the TAP checkbook, business certificates of any kind, financial or other records, contracts, lists of customers, lists of licensees, [and] software in any form." Id. § 2.9.

After the filing Plaintiff's oppressed shareholder suit but entry of the Agreement, on December 23, 2009, while Plaintiff was presumably still a shareholder of TAP and a member of Ethnic, Plaintiff registered with the Copyright Office two sets of computer programs. The first set, written in 1998, contained works entitled "Ethnic Encoding System Module – Tap05"; "Ethnic Encoding System Module – Tap06"; "Ethnic Encoding System Module – Tap08"; "Ethnic Encoding System Module – Tap10"; "Ethnic Encoding System Module – Tap15"; "Ethnic Encoding System Job Control Language Module"; and the second set, written in 1997, contained works entitled "Ethnic Encoding System Module – Tap09"; and "Ethnic Encoding System Module – Tap22." Klaproth Decl. Ex. 3. While Plaintiff identifies himself as the author of these derivative works, the computer programs expressly state that they were "Created for TAP Systems, Inc." *Id.*

According to Plaintiff, these programs were "additions to the ethnic identification system" that was created by defendant Lindsay. Trial Tr. 233:8-11; 241:8-15. That system combined with these computer programs ultimately became a product known as the TAP System. Trial Tr. 206:24-207:2.

Defendant's counterclaim seeks to invalidate these December 2009 registrations. Defendant has moved for summary judgment arguing that, any rights that Plaintiff may have had in these programs were extinguished by the Agreement.

III.  Analysis

A court shall grant summary judgment under Rule 56 of the Federal Rules of Civil Procedure "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The substantive law identifies which facts are critical or "material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A material fact raises a "genuine" issue "if the evidence is such that a reasonable jury could return a verdict" for the non-moving party. *Healy v. N.Y. Life Ins. Co.*, 860 F.2d 1209, 1219 n.3 (3d Cir. 1988).

On a summary judgment motion, the moving party must show, first, that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  If the moving party makes this showing, the burden shifts to the non-moving party to present evidence that a genuine fact issue compels a trial.  Id. at 324.  The non-moving party must then offer admissible evidence that establishes a genuine issue of material fact, id., not just "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

The Court must consider all facts and their logical inferences in the light most favorable to the non-moving party. *Pollock v. American Tel. & Tel. Long Lines*, 794 F.2d 860, 864 (3d Cir. 1986).  The Court shall not "weigh the evidence and determine the truth of the matter," but need determine only whether a genuine issue necessitates a trial.  Anderson, 477 U.S. at 249.  If the non-moving party fails to demonstrate proof beyond a "mere scintilla"

of evidence that a genuine issue of material fact exists, then the Court must grant summary judgment. *Big Apple BMW v. BMW of North America*, 974 F.2d 1358, 1363 (3d Cir. 1992).

Plaintiff opposes Defendants' motion on a number of grounds. First, Plaintiff argues that Defendants lack standing to bring their claim because they can only show injury to TAP, for whom the work was created, who is not a party to the action. To establish Article III standing, Appellants must show: "(1) injury-in-fact, which is an invasion of a legally protected interest that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical; (2) a causal connection between the injury and the conduct complained of; and (3) it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Danvers Motor Co., Inc. v. Ford Motor Co.*, 432 F.3d 286, 290–91 (3d Cir. 2005). Here, the Court finds this standard to be met.

The record shows that by way of a September 26, 1997 joint venture agreement with Consumer Marketing Research ("CMR"), the TAP System (which is made up of the programs Plaintiff claims to own) was to be transferred to a joint venture entity. Klaproth Reply Decl., Ex. 3. Plaintiff acknowledged that TAP and CMR combined their assets and resources in this joint venture. Trial Tr. 211:5-10. In a subsequent agreement dated December 28, 2000, by which Ethnic was created, TAP and CMR acknowledged that the TAP System had been the exclusive property of TAP, and transferred the TAP System to Ethnic. Klaproth Reply Decl., Ex. 4. Significantly, Plaintiff read and initialed the December 2000 agreement. *Id.*, Trial Tr. 214:4-24. Thus, the Court finds no lack of standing.

Second, Plaintiff argues that Defendants have not met the standards for copyright cancellation set forth in 17 U.S.C. §411(b) and 37 C.F.R. § 201.7. The Court agrees with Defendants' that those provisions are not applicable here, at least in the manner in which Plaintiff argues. The threshold determination as to the ownership of the works at issue is to

4

be made by the Court, as Defendants seek to invalidate the registration because Plaintiff had no right to register the work, not because of some regulatory defect.

Finally, the Court rejects Plaintiff's remaining arguments, as they are premised on the assumption that Plaintiff authored and therefore had exclusive rights to the derivative works. The Court has previously found, however, that Plaintiff's co-authorship claim was without merit.  Trial Tr. 333-340.  This was an issue in the Rule 50 motion decided during trial. Further, the derivative works themselves state they were created  "for TAP Systems, Inc." Documents in the record, specifically, the 1997 and 2000 agreements, refer to the relevant programs as belonging exclusively to TAP.  Finally, under the settlement Agreement, Plaintiff agreed to return all property, including the programs at issue in the counterclaim, to the Defendants, and the Agreement extinguished "any and all other right, title and interest" of Plaintiff in TAP and Ethnic.  As such, the Court finds that, under the undisputed facts, Defendants are entitled to judgment as a matter of law on their counterclaim.

IV.  Conclusion

For the reasons above, the Court grants Defendants' motion for summary judgment on its counterclaim, and denies Plaintiffs' cross motion.  An appropriate Order accompanies this Opinion.

/s/ JOEL A. PISANO
United States District Judge

Date:  November 30, 2012

5