54 MAIN STREET
HACKENSACK, NJ 07601
201.845.3232 | PHONE
201.845.3777 | FAX
WWW.MCDLAW.US

**MCDANIEL LAW**

350 FIFTH AVENUE, 59TH FLR
NEW YORK, NY 10018
212.514.8080 | PHONE
212.514.8282 | FAX
WWW.MCDLAWPC.COM

JAY R. MCDANIEL  
JRMCDANIEL@MCDLAWPC.COM  
(201) 645-1536

PLEASE REPLY TO  
NEW JERSEY OFFICE

December 21, 2015

**VIA ECF**

Honorable Freda L. Wolfson, U.S.D.J.  
United States District Court of New Jersey  
Clarkson S. Fisher Building  
& U.S. Courthouse  
402 East State Street  
Trenton, NJ 08608

      Re      Brownstein vs. Lindsay  
            Docket No.: 3:10-cv-01581 (JAP)(TJB)

Dear Judge Wolfson,

    I acknowledge receipt of adversary counsel's letter of December 16 concerning our request to submit a sur-reply. I appreciate the concession of counsel, but feel compelled to note that the assertion that we have in our opposition suddenly made a "previously unheard claim" is a baldly false assertion about the history of this case, yet another among many recent factual misrepresentations that cross the bounds of acceptable litigation practice.

    Defendants' own papers (Williams Decl. Exh. 5, ECF 143-10) puts my client in the employ of FPCI between 1991 and 1997. Plaintiff has testified extensively in deposition and at trial about his activities during this time period, and his work history is noted in the opinion of the Third Circuit. I would not want the court to assume that our acceptance of such an offer from the other side was a waiver of other available remedies.

    With regard to the subpoena and missing documents. I checked our files again and these documents are not there, nor is the original copy of the subpoena. The existence of an unauthenticated draft letter in word processing format is not good evidence that the letter, the subpoena or the documents were actually sent. Ms. Williams is not able to substantiate events that purportedly occurred years before she joined the firm. It may have been due to an oversight, but those documents do not appear to have been were not received in this office and are noted anywhere else in the discovery record.

Brownstein vs. Lindsay
December 21, 2015
Page 2

      Our position concerning the material alteration of the check ledger is unchanged. Defendants are trying to pull a fast one on the Court on this issue and the complete document should be in the record, even if the argument itself has no legal merit. The Court should understand the nature of the arguments that it is dealing with.

      Very truly yours,

      Jay R. McDaniel

CCs:
Karen Williams, Esq.
Mr. Peter Brownsteina