# Exhibit 8

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

NASHEL KATES NUSSMAN RAPONE ELLIS & TRAUM, LLP
190 Moore Street, Suite 306
Hackensack, New Jersey 07601
(201) 488-7211
KPT-6708
Attorneys for Plaintiff, Counterclaimant and
Crossclaimant Defendants

FILED
MAY 21 1998
AT 8:30 .............. M
WILLIAM T. WALSH
CLERK

List Service Direct, Inc.  :  Docket No. 97-3504(JCL)

       Plaintiff,  :  CIVIL ACTION

vs.  :

Tina Lindsay, TAP Systems, Inc., : **FIRST AMENDED**
Ethnic Technologies, Consumer : **VERIFIED COMPLAINT**
Marketing Research, Inc., Ginger :
Nelson and Peter Brownstein :
     Defendants. :

Tina Lindsay, :

    Counterclaimant
    Crossclaimant
    Plaintiff, :

vs. :

List Service Direct, Inc. :

    Counterclaimant
    Defendant, :

vs. :

Thomas Raskin and Micah
Raskin,
    Crossclaimant
    Defendants.

LAW OFFICES
NASHEL, KATES,
NUSSMAN,
RAPONE & ELLIS
190 MOORE STREET
SUITE 306
.CKENSACK, N.J. 07601


DEFENDANT'S EXHIBIT 5

LSDI-01183

Plaintiff, List Service Direct, Inc., having its principal place of business at 135 West Central Boulevard, Palisades Park, Bergen County, New Jersey alleges:

## FACTS RELEVANT TO ALL COUNTS

1. This action arises under the Copyright Laws of the United States, 17 USC Sections 101 and following. The jurisdiction of this Court is founded on Section 1338(a) of the Judicial Code, 28 USC § 1338(a). In addition, there are separate and independent causes of action between plaintiff and defendant arising out of the same operative facts and as a matter of fairness and convenience to the parties this Court should assume pendent jurisdiction over all of the claims of plaintiff. Venue is conferred by Section 1400(a) of the Judicial Code, 28USC § 1400(a).

2. Plaintiff is now, and at all times mentioned in this Verified Complaint was, a corporation organized and existing under the laws of the State of New Jersey, having its principal place of business at 135 West Central Boulevard, in the Borough of Palisades Park, Bergen County, New Jersey.

3. Upon information and belief, and on the basis of such information and belief alleges that defendant, Tina Lindsay, (hereinafter "Lindsay") resides at 44 Briarwood Avenue in the Borough of Keansburg, Monmouth County, New Jersey.

4. Upon information and belief and on the basis of such information and belief alleges that defendant, TAP Systems, Inc. (hereinafter "TAP") is a corporation organized and existing under the laws of the State of New Jersey having its principal office at 1088 Raritan Road in the Borough of Clark, Union County, New Jersey.

5. Plaintiff is and at all times set forth herein was engaged in the business of furnishing services for direct mail advertising, such as creating, producing, compiling and selling mailing lists.

6. From 1993 to approximately January 1996, in the course of its business, plaintiff, and before plaintiff, Future Prospective Clients, Inc., (hereinafter "FPC")

LAW OFFICES
NASHEL, KATES,
NUSSMAN,
RAPONE & ELLIS
90 MOORE STREET
SUITE 306
CKENSACK, N.J. 07601

developed a computer programming process (hereinafter called the "Computer Program") that encoded names on various databases in such ways as to create ethnic and/or religious and/or minority group and/or other specific mailing lists as required by customers of plaintiff.

7. At all times that the Computer Program was being developed, Lindsay was an employee of FPC and thereafter, the plaintiff.

8. Defendant, Lindsay, along with other employees of the plaintiff, all acting within the scope of their employment for plaintiff and FPC, worked on the development of the Computer Program.

9. All work done on the computer program by Lindsay was done within the scope of her employment for the plaintiff and FPC, and as such, was a work made for hire as provided by Sections 101 and 201(b) of the Copyright Laws, 17 USC § 101 and following.

10. Lindsay was instructed to obtain a copyright for the Computer Program in the name of plaintiff, and she agreed to do so.

11. Notwithstanding the aforesaid, Lindsay wrongfully applied for and obtained a certificate of copyright registration to the Computer Program in her own name as author. A true copy of said certificate of registration labeled **Exhibit "A"** is attached hereto.

12. Prior to terminating her employment with the plaintiff, unknown to plaintiff Lindsay incorporated and became the President of TAP. On or about June 1, 1997, Lindsay wrongfully attempted to license to TAP the aforesaid copyright which she had wrongfully obtained in her own name.

13. On June 18, 1997, Lindsay resigned from her employment with plaintiff, using as an excuse that she was withdrawing from the business world because of problems she was having with respect to a personal romantic relationship to which she wished to devote all her time.

14. On or about June 20, 1997, Lindsay fraudulently asserted to Harte Hanks Data Technologies, Inc., (hereinafter "Harte Hanks") that Lindsay was the owner to a valid

LAW OFFICES
NASHEL, KATES,
NUSSMAN,
RAPONE & ELLIS
190 MOORE STREET
SUITE 306
ACKENSACK, N.J. 07601

copyright in the Computer Program. Lindsay further stated that Harte Hanks should not enter into the agreement with plaintiff which had already been negotiated, but that Harte Hanks should enter into that agreement with TAP.

15. Harriet Heyman, Vice President and General Manager of Harte Hanks, then contacted plaintiff and informed it of the aforesaid telephone conversation Lindsay had with Harte Hanks. She also stated that although Harte Hanks had been in the process of sending an executed copy of a license agreement (hereinafter "License Agreement") for the Computer Program, together with a check for $50,000.00 as provided in the License Agreement, under the circumstance of the claim by Lindsay to ownership of the Computer Program it could not do so.

16. The form of License Agreement with Harte Hanks pursuant to which the plaintiff would license the use of the Computer Program to Harte Hanks had been drafted by Lindsay within the scope of her duties as an employee of plaintiff, together with Loretta Poggio who also worked for plaintiff.

17. Prior to terminating her employment with plaintiff, Lindsay knew that plaintiff had been negotiating the aforesaid License Agreement with Harte Hanks in May and June 1997, and that plaintiff had successfully reached an agreement with Harte Hanks with respect to licensing the Computer Program to Harte Hanks.

18. On June 20, 1997, Lindsay sent a fax to plaintiff stating that she had given a license in her alleged copyright in the Computer Program to TAP. She also sent a letter confirming the fact that she had resigned her position of employment with plaintiff effective June 18, 1997.

19. Upon information and belief, and upon the basis of such information and belief, alleges that Lindsay and TAP are engaged in wrongful conduct with respect to the Computer Program and unless enjoined will continue to engage in the wrongful conduct with respect to the Computer Program.

LAW OFFICES
NASHEL, KATES,
NUSSMAN,
RAPONE & ELLIS
190 MOORE STREET
SUITE 306
HACKENSACK, N J 07601

LSDI-0118

20. Upon information and belief, and on the basis of such information and belief alleges that defendant, Ethnic Technologies, LLC (hereinafter "Ethnic LLC") has it's principal office at 600 Huyler Street, in the City of South Hackensack, Bergen County, New Jersey.

21. Upon information and belief, and on the basis of such information and belief alleges that defendant, Ethnic Technologies (hereinafter "Ethnic") has it's principal office at 600 Huyler Street, in the City of South Hackensack, Bergen County, New Jersey.

22. Upon information and belief, and on the basis of such information and belief alleges that defendant, Consumers Marketing Research, Inc. (hereinafter called "CMR") is now, and at all times mentioned in this Verified Complaint was a corporation organized and existing under the laws of the State of New Jersey, having it's principal place of business at 600 Huyler Street, in the City of South Hackensack, Bergen County, New Jersey.

23. Upon information and belief, and on the basis of such information and belief alleges that the defendant, Ginger Neslon, (hereinafter called "Nelson") has a business address at 600 Huyler Street in the City of South Hackensack, Bergen County, New Jersey.

24. Upon information and belief, and on the basis of such information and belief alleges that the defendant, Peter Brownstein (hereinafter called "Brownstein") resides at 55 Broad Street, in the Borough of Palisades Park, Bergen County, New Jersey.

25. Upon information and belief, and on the basis of such information and belief alleges that CMR and TAP have done or are doing business as Ethnic and in the course of such business are wrongfully in violation of the plaintiff's rights with respect to the Computer Program, marketing the Computer Program and work product therefrom for sale and/or license to the damage of plaintiff.

26. Upon information and belief, and on the basis of such information and belief alleges that CMR and TAP have done or are doing business as Ethnic, LLC and in the course of such business are wrongfully in violation of the plaintiff's rights with respect to the Computer Program, marketing the Computer Program and work product therefrom for sale

LAW OFFICES
NASHEL, KATES,
NUSSMAN,
RAPONE & ELLIS
190 MOORE STREET
SUITE 306
.CKENSACK, N.J. 07601

and/or license to the damage of plaintiff.

27. Upon information and belief, and on the basis of such information and belief alleges that TAP, CMR, Lindsay, Nelson and Brownstein have been unlawfully and in violation of the plaintiff's right to the copyright to the Computer Program and otherwise to plaintiff's rights to the Computer Program have been misappropriating the Computer Program and have infringed on the plaintiff's rights with respect to the Computer Program, have engaged in unfair competition, unlawful appropriation and have been unjustly enriched to the damage of Plaintiff.

## FIRST COUNT

28. The plaintiff repeats each and every allegation contained in paragraphs 1 through 27 of the Verified Complaint as if set forth at length herein.

29. The plaintiff is the author and owner of the Computer Program as provided for by the Copyright Law, 17 USC § 101, et seq.

30. The foregoing conduct of Lindsay in obtaining a certificate of registration to the Computer Program in her own name and licensing TAP, and in TAP's obtaining such license, is in direct conflict with the ownership rights of the plaintiff to the Computer Program.

31. As a result of the wrongful conduct of Lindsay and TAP as aforesaid, the plaintiff has been and will continue to be damaged.

## SECOND COUNT

32. The plaintiff repeats each and every allegation contained in paragraphs 1 through 27 of the Verified Complaint as if set forth at length herein.

33. The foregoing conduct of Lindsay and TAP constitutes an intentional and malicious interference with the contracts of plaintiff and the prospective business economic advantages of the plaintiff.

34. As a result of the wrongful conduct of Lindsay and TAP as aforesaid, the plaintiff has been and will continue to be damaged.

LAW OFFICES
NASHEL, KATES,
NUSSMAN,
RAPONE & ELLIS
190 MOORE STREET
SUITE 306
CKENSACK, N.J. 07601

### THIRD COUNT

35. The plaintiff repeats each and every allegation contained in paragraphs 1 through 27 of the Verified Complaint as if set forth at length herein.

36. The foregoing conduct of Lindsay and TAP constitutes wrongful conversion of property owned by plaintiff.

37. As a result of the wrongful conduct of Lindsay and TAP as aforesaid, the plaintiff has been and will continue to be damaged.

### FOURTH COUNT

38. The plaintiff repeats each of the allegations contained in paragraphs 1 through 27 of the Verified Complaint as if set forth at length herein.

39. The foregoing conduct of Lindsay constitutes a violation of her duty of loyalty as an employee, and a violation of the implied covenant of good faith and fair dealing with her employer.

40. As a result of the wrongful conduct of Lindsay as aforesaid, the plaintiff has been and will continue to be damaged.

### FIFTH COUNT

41. The plaintiff repeats each of the allegations contained in paragraphs 1 through 27 of the Verified Complaint as if set forth at length herein.

42. The foregoing conduct of Lindsay constitutes fraud, unfair competition, unlawful appropriation relied on by plaintiff to its detriment.

43. As a result of the wrongful conduct of Lindsay as aforesaid, the plaintiff has been and will continue to be damaged.

### SIXTH COUNT

44. The plaintiff repeats each and every allegation contained in paragraphs 1 through 27 of the Verified Complaint as if set forth at length herein.

45. The plaintiff is the author and owner of the Computer Program as provided for by the Copyright Law, 17 USC § 101, et seq.

LAW OFFICES
NASHEL, KATES,
NUSSMAN,
RAPONE & ELLIS
190 MOORE STREET
SUITE 306
CKENSACK, N.J. 07601

LSDI-0118:

46. The foregoing conduct of CMR in marketing the Computer Program and/or licensing it is in direct conflict with the ownership rights of the plaintiff to the Computer Program.

47. As a result of the wrongful conduct of CMR as aforesaid, the plaintiff has been and will continue to be damaged.

### SEVENTH COUNT

48. The plaintiff repeats each and every allegation contained in paragraphs 1 through 27 of the Verified Complaint as if set forth at length herein.

49. The foregoing conduct of CMR constitutes an intentional and malicious interference with the contracts of plaintiff and the prospective business economic advantages of the plaintiff.

50. As a result of the wrongful conduct of CMR as aforesaid, the plaintiff has been and will continue to be damaged.

### EIGHTH COUNT

51. The plaintiff repeats each and every allegation contained in paragraphs 1 through 27 of the Verified Complaint as if set forth at length herein.

52. The foregoing conduct of CMR constitutes wrongful conversion of property owned by plaintiff.

53. As a result of the wrongful conduct of CMR as aforesaid, the plaintiff has been and will continue to be damaged.

### NINTH COUNT

54. The plaintiff repeats each of the allegations contained in paragraphs 1 through 27 of the Verified Complaint as if set forth at length herein.

55. The foregoing conduct of CMR constitutes fraud, unfair competition, unlawful appropriation to the damage of plaintiff.

56. As a result of the wrongful conduct of CMR as aforesaid, the plaintiff has been and will continue to be damaged.

LAW OFFICES
NASHEL, KATES,
NUSSMAN,
RAPONE & ELLIS
90 MOORE STREET
SUITE 306
HACKENSACK, N.J. 07601

## TENTH COUNT

57. The plaintiff repeats each and every allegation contained in paragraphs 1 through 27 of the Verified Complaint as if set forth at length herein.

58. The plaintiff is the author and owner of the Computer Program as provided for by the Copyright Law, 17 USC § 101, et seq.

59. The foregoing conduct of Ethnic in marketing the Computer Program and/or licensing TAP it is in direct conflict with the ownership rights of the plaintiff to the Computer Program.

60. As a result of the wrongful conduct of Ethnic as aforesaid, the plaintiff has been and will continue to be damaged.

## ELEVENTH COUNT

61. The plaintiff repeats each and every allegation contained in paragraphs 1 through 27 of the Verified Complaint as if set forth at length herein.

62. The foregoing conduct of Ethnic constitutes an intentional and malicious interference with the contracts of plaintiff and the prospective business economic advantages of the plaintiff.

63. As a result of the wrongful conduct of Ethnic as aforesaid, the plaintiff has been and will continue to be damaged.

## TWELFTH COUNT

64. The plaintiff repeats each and every allegation contained in paragraphs 1 through 27 of the Verified Complaint as if set forth at length herein.

65. The foregoing conduct of Ethnic constitutes wrongful conversion of property owned by plaintiff.

66. As a result of the wrongful conduct of Ethnic as aforesaid, the plaintiff has been and will continue to be damaged.

LAW OFFICES
NASHEL, KATES,
NUSSMAN,
RAPONE & ELLIS
190 MOORE STREET
SUITE 306
ACKENSACK, N.J. 07601

## THIRTEENTH COUNT

67. The plaintiff repeats each of the allegations contained in paragraphs 1 through 27 of the Verified Complaint as if set forth at length herein.

68. The foregoing conduct of Ethnic constitutes fraud, unfair competition, unlawful appropriation on plaintiff to its damage.

69. As a result of the wrongful conduct of Ethnic as aforesaid, the plaintiff has been and will continue to be damaged.

## FOURTEENTH COUNT

70. The plaintiff repeats each and every allegation contained in paragraphs 1 through 27 of the Verified Complaint as if set forth at length herein.

71. The plaintiff is the author and owner of the Computer Program as provided for by the Copyright Law, 17 USC § 101, et seq.

72. The foregoing conduct of Ethnic LLC in marketing the Computer Program and/or licensing it is in direct conflict with the ownership rights of the plaintiff to the Computer Program.

73. As a result of the wrongful conduct of Ethnic LLC as aforesaid, the plaintiff has been and will continue to be damaged.

## FIFTHTEENTH COUNT

74. The plaintiff repeats each and every allegation contained in paragraphs 1 through 27 of the Verified Complaint as if set forth at length herein.

75. The foregoing conduct of Ethnic LLC constitutes an intentional and malicious interference with the contracts of plaintiff and the prospective business economic advantages of the plaintiff.

76. As a result of the wrongful conduct of Ethnic LLC as aforesaid, the plaintiff has been and will continue to be damaged.

## SIXTEENTH COUNT

77. The plaintiff repeats each and every allegation contained in paragraphs 1

LAW OFFICES
NASHEL, KATES,
NUSSMAN,
RAPONE & ELLIS
90 MOORE STREET
SUITE 306
CKENSACK, N.J. 07601

through 27 of the Verified Complaint as if set forth at length herein.

78. The foregoing conduct of Ethnic LLC constitutes wrongful conversion of property owned by plaintiff.

79. As a result of the wrongful conduct of Ethnic LLC as aforesaid, the plaintiff has been and will continue to be damaged.

## SEVENTEENTH COUNT

80. The plaintiff repeats each of the allegations contained in paragraphs 1 through 27 of the Verified Complaint as if set forth at length herein.

81. The foregoing conduct of Ethnic LLC constitutes fraud, unfair competition, unlawful appropriation to the damage of plaintiff.

82. As a result of the wrongful conduct of Ethnic LLC as aforesaid, the plaintiff has been and will continue to be damaged.

## EIGTHEENTH COUNT

83. The plaintiff repeats each and every allegation contained in paragraphs 1 through 27 of the Verified Complaint as if set forth at length herein.

84. The plaintiff is the author and owner of the Computer Program as provided for by the Copyright Law, 17 USC § 101, et seq.

85. The foregoing conduct of Nelson in marketing the Computer Program and/or licensing it is in direct conflict with the ownership rights of the plaintiff to the Computer Program.

86. As a result of the wrongful conduct of Nelson as aforesaid, the plaintiff has been and will continue to be damaged.

## NINETEENTH COUNT

87. The plaintiff repeats each and every allegation contained in paragraphs 1 through 27 of the Verified Complaint as if set forth at length herein.

88. The foregoing conduct of Nelson constitutes an intentional and malicious interference with the contracts of plaintiff and the prospective business economic advantages

LAW OFFICES
NASHEL, KATES,
NUSSMAN,
RAPONE & ELLIS
90 MOORE STREET
SUITE 306
CKENSACK, N.J. 07601

of the plaintiff.

89. As a result of the wrongful conduct of Nelson as aforesaid, the plaintiff has been and will continue to be damaged.

### TWENTIETH COUNT

90. The plaintiff repeats each and every allegation contained in paragraphs 1 through 27 of the Verified Complaint as if set forth at length herein.

91. The foregoing conduct of Nelson constitutes wrongful conversion of property owned by plaintiff.

92. As a result of the wrongful conduct of Nelson as aforesaid, the plaintiff has been and will continue to be damaged.

### TWENTY FIRST COUNT

93. The plaintiff repeats each of the allegations contained in paragraphs 1 through 27 of the Verified Complaint as if set forth at length herein.

94. The foregoing conduct of Nelson constitutes fraud, unfair competition, unlawful appropriation to the detriment of plaintiff.

95. As a result of the wrongful conduct of Nelson as aforesaid, the plaintiff has been and will continue to be damaged.

### TWENTY SECOND COUNT

96. The plaintiff repeats each and every allegation contained in paragraphs 1 through 27 of the Verified Complaint as if set forth at length herein.

97. The plaintiff is the author and owner of the Computer Program as provided for by the Copyright Law, 17 USC § 101, et seq.

98. Brownstein intentionally damaged the Computer Program.

100. As a result of the said wrongful conduct of Brownstein as aforesaid, the plaintiff has been and will continue to be damaged.

LAW OFFICES
NASHEL, KATES,
NUSSMAN,
RAPONE & ELLIS
190 MOORE STREET
SUITE 306
CKENSACK, N.J. 07601

### PRAYERS AS TO ALL COUNTS

WHEREFORE, Plaintiff requests that:

1. This Court adjudge that ownership of the copyright in the Computer Program belongs in the plaintiff's name and that any certificate of registration of copyright to the Computer Program in the name of Tina Lindsay or TAP Systems, Inc., be assigned to the plaintiff; and

2. Lindsay and/or TAP and/or CMR and/or Ethnic and/or Ethnic LLC and/or Nelson and/or Brownstein be preliminarily and permanently enjoined and restrained from interfering with any of the customers of plaintiff; and

3. Defendant, Tina Lindsay and/or TAP Systems, Inc., and/or CMR and/or Ethnic and/or Ethnic LLC and/or Nelson and/or Brownstein be preliminarily and permanently enjoined and restrained from representing themselves as owners of the Computer Program, or as having any rights whatsoever in the Computer Program; and

4. Defendants, Tina Lindsay, TAP Systems, Inc. and/or CMR and/or Ethnic and/or Ethnic LLC and/or Nelson and/or Brownstein, their employees, agents or anyone acting in concert with them be ordered to return any and all copies of the Computer Program and related items to the plaintiff; and

5. Defendants, Tina Lindsay and TAP Systems, Inc. and/or CMR and/or Ethnic and/or Ethnic LLC and/or Nelson and/or Brownstein be enjoined during the pendency of this action and permanently enjoined and restrained from asserting any rights to the Computer Program; and

6. The software license agreement between defendant, Tina Lindsay and TAP Systems Inc. and/or CMR and/or Ethnic and/or Ethnic LLC and/or Nelson and/or Brownstein be declared null and void; and

7. This Court adjudge that any license of the Computer Program by the defendant Lindsay or TAP be declared null and void; and

8. Compensatory and punitive damages and such other further relief as the Court may deem just and proper together with costs, reasonable counsel fees and disbursements of

LAW OFFICES
NASHEL, KATES,
NUSSMAN,
RAPONE & ELLIS
190 MOORE STREET
SUITE 306
CKENSACK, N.J 07601

LSDI-0118

this action be entered against defendant, Tina Lindsay and/or TAP Systems, Inc., and/or CMR and/or Ethnic and/or Ethnic LLC and/or Nelson and/or Brownstein; and

9. Plaintiff have such other and further relief as is just and proper.

Nashel, Kates, Nussman, Rapone, Ellis & Traum, LLP

By: _____
KENNETH P. TRAUM
Attorneys for Plaintiff, List Service Direct, Inc.
190 Moore Street, Hackensack, New Jersey 07601
(201) 488-7211

I, Micah Raskin, of 18-05 215th Street, Bayside, New York, 11360, being duly sworn on behalf of List Service Direct, Inc., the plaintiff in the above-entitled action, say that I am the executive operating officer of that corporation, I am authorized to file the foregoing First Amended Verified Complaint on behalf of the corporation, that I have read the Verified Complaint and know the contents thereof, and that to my knowledge and belief, the contents are true except as to matters that are stated on information and belief, and, as to those matters that I believe them to be true.

_____
Micah Raskin

Sworn to and subscribed before me
this 20th day of May, 1998

_____
KENNETH P. TRAUM
Attorney at Law of New Jersey

Master forms/RaskComp

LAW OFFICES
NASHEL, KATES,
NUSSMAN,
RAPONE & ELLIS
190 MOORE STREET
SUITE 306
HACKENSACK, N.J. 07601

Exhibit "A"

# CERTIFICATE OF REGISTRATION



OFFICIAL SEAL

This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

Marybeth Peters

REGISTER OF COPYRIGHTS
United States of America

## FORM TX
For a Literary Work
UNITED STATES COPYRIGHT OFFICE

**TXu 730-872**

EFFECTIVE DATE OF REGISTRATION
FEB 12 1996

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

**1** TITLE OF THIS WORK ▼
An Ethnic Determinant System - Knowledge on Rule/Exception Basis

PREVIOUS OR ALTERNATIVE TITLES ▼

PUBLICATION AS A CONTRIBUTION ...

**2 a** NAME OF AUTHOR ▼
TINA LINDSAY

DATES OF BIRTH AND DEATH
Year Born ▼ 1941   Year Died ▼

AUTHOR'S NATIONALITY OR DOMICILE
Citizen of ▶ U.S.A.

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous? ☐ Yes ☒ No
Pseudonymous? ☐ Yes ☒ No

NATURE OF AUTHORSHIP

**b** NAME OF AUTHOR ▼

**3 a** YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED
1992

**b** DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK

**4** COPYRIGHT CLAIMANT(S)
TINA LINDSAY
    ADDRESS
LEAKWOOD, NJ 07724

TRANSFER

Exhibit "A"

LSDI-0118

| EXAMINED BY | | FORM |
|---|---|---|
| CHECKED BY | | |
| ☐ CORRESPONDENCE Yes | | FOR COPYR OFFI USE ONL |

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**PREVIOUS REGISTRATION** ...

☐ Yes ☒ No ...

a. ☐ This is the first published edition ...

b. ☐ This is the first application ...

c. ☐ This is a changed version ...

If your answer is "Yes," give: Previous Registration Number ▼     Year of Registration ▼

**DERIVATIVE WORK OR COMPILATION** ...
a. Preexisting Material ...

b. Material Added to This Work ...

—space deleted—

**REPRODUCTION FOR USE OF BLIND OR PHYSICALLY HANDICAPPED INDIVIDUALS** ...

a ☐ Copies and Phonorecords     b ☒ Copies Only     c ☐ Phonorecords Only

**DEPOSIT ACCOUNT** ...
Name ▼     Account Number ▼

**CORRESPONDENCE** ...

TINA LINDSAY
44 BRIARWOOD AVENUE
KEANSBURG NJ 07734
201 495 6233

**CERTIFICATION** ...
☒ author
...

Typed or printed name and date ▼
TINA LINDSAY     date ▶ 1/7/96

Handwritten signature ▼
Tina Lindsay

MAIL CERTIFICATE TO:
TINA LINDSAY
44 BRIARWOOD AVENUE
KEANSBURG NJ 07734

LSDI-0118