# Exhibit 9

## SETTLEMENT AGREEMENT

THIS AGREEMENT, made this 9Tt/ day of September, 1998, by and between:

LIST SERVICE DIRECT, INC.
(hereinafter referred to as LSDI);
THOMAS RASKIN and MICAH RASKIN
(hereinafter referred to as RASKIN)

AND:

TINA LINDSAY and TAP SYSTEMS, INC.
(hereinafter referred to as TAP) and
GINGER NELSON, and
CONSUMER MARKETING RESEARCH, INC.
(hereinafter referred to as CMR), PETER BROWNSTEIN, and
ETHNIC TECHNOLOGIES, LLC,
(hereinafter referred to as ET),

All of the above being parties to certain litigation in the
United States District Court for the District of New Jersey
bearing Docket No. 97-3504 (JCL) (hereinafter called the "Litigation");
and

All of the above parties to this Agreement having reached a settlement of said litigation and wishing to set forth the terms of said settlement in writing,

NOW, THEREFORE, for good and valuable consideration the receipt and sufficiency of which is hereby acknowledged, which consideration includes the following terms and conditions of this Settlement Agreement, it is hereby agreed as follows:

1. The parties acknowledge and agree that LSDI is presently using a certain computer program concerning ethnic selections (hereinafter called the "LSDI Program"). Lindsay, Nelson, Brownstein, TAP, CMR, and ET agree not to claim ownership or any other rights to the LSDI Program, nor to any aspect thereto, nor to any modifications, nor any derivative work thereof, and agree not to make any claim that the LSDI Program or any aspect thereto,



DEFENDANT'S EXHIBIT D-7

any modifications or derivative work thereof violates any of their rights, whether involving, but not limited to copyright, trademark, patent, trade secret, proprietary property, or infringement of any of the foregoing, and agree to release LSDI and Raskin from any such claims that may exist, except as otherwise provided herein. Lindsay, Nelson, Brownstein, TAP, CMR and ET acknowledge that Raskin and/or LSDI are/is the sole owner(s) of the LSDI Program.

2. The parties acknowledge and agree that all parties have made claim to the right to exclusive ownership of EDS, a work entitled "An Ethnic Determinant System - Knowledge on Rule/Exception Basis" (hereinafter called "EDS"), any aspect thereto, and derivative work thereof. As part of this settlement, LSDI and Raskin disclaim any ownership to EDS and any derivative work thereof, except as otherwise provided herein.

3. The parties acknowledge and agree that Tina Lindsay obtained a Certificate of Registration from the United States Copyright Office effective February 12, 1996 for EDS which may be called LCID, bearing United States Copyright Office Registration number Txu 730-872.

4. The parties acknowledge and agree that Tina Lindsay obtained a second Certificate of Registration from the United States Copyright office effective December 10, 1996 for a derivative work entitled "An Ethnic Determinant System - Knowledge and Rule/Exception Basis (hereinafter also called "EDS"), bearing United States Copyright Office Registration number Txu 778-127.

5. The parties acknowledge and agree that CMR obtained a Certificate of Registration from the United States Copyright office effective August 11, 1987 for a work entitled Ambsel (hereinafter called "Ambsel").

6. The parties acknowledge and agree that CMR has ownership to an original publication entitled Ambassador Leather Mail Order Data Base created 1973 and published April 16, 1981 (hereinafter called "Ambsel"). It is understood that Ambsel referred to in paragraph 5 above and Ambsel referred to in this paragraph 6 are one and the same. ET represents that it is the owner of E-Tech, (hereinafter called "E-Tech") a product combining Ambsel, EDS, the copyrights set forth in paragraph 3 and 4 above and business modifications thereto made since July 1997. LSDI and the Raskins make no claim thereto.

7. Lindsay, ET, TAP, CMR, Nelson and Brownstein represent and warrant that none of them, or any corporation, partnership, sole proprietorship or any other entity in which any of them now has any interest or ever had any interest has anything for which a claim might be brought against Raskin or LSDI, except as identified in paragraphs 2, 3, 4, 5, and 6, above.

8. LSDI and Raskin represent and warrant that none of them, or any corporation, partnership, sole proprietorship, or any other entity in which any of them now has any interest or ever had any interest has any thing for which a claim might be brought against Lindsay, ET, TAP, CMR, Nelson and/or Brownstein except for the LSDI Program.

9. Lindsay, ET, TAP, CMR, Nelson and Brownstein disclaim any ownership to the LSDI Program and any aspect thereto, any modifications and derivative work thereof, provided any such derivative work is independently developed by LSDI or Raskin, or is obtained with the permission of the other parties to this Settlement Agreement who have the ownership of such derivative work of EDS, subject to the agreement that none of the parties to this Settlement Agreement is under any obligation to provide LSDI with anything further than that which LSDI has in its possession as of the date hereof.

10. LSDI and RASKIN relinquish and disclaim any ownership claims to those items set forth in paragraphs 2, 3, 4, 5, and 6 above, and any aspect thereof, any modification and derivative work thereof, except as provided for herein.

11. LSDI and Raskin agree not to use the name Lindsay Cultural Identification Determinant system, LCID, TAP Systems, or Consumer Marketing Research, Inc., EDS, E-Tech or any other name or trade name used by Lindsay, Nelson, Brownstein, CMR, ET, or TAP.

12. Lindsay, TAP, Nelson, Brownstein, CMR and ET agrees not to use the name List Service Direct or any other name or trade name used by LSDI or Raskin.

13. Lindsay, TAP, Nelson, Brownstein, CMR and ET relinquish any claims they have against LSDI or Raskin regarding the use of the LSDI Program, EDS and E-Tech to the extent presently in the possession of LSDI or Raskin, and subject to provisions of paragraph 19 or any program used or owned by any of them, including those items set forth in paragraphs 2, 3, 4, 5, or 6 or any aspect thereof, any modification or derivative work thereof or any aspect thereto by LSDI and/or Raskin, unless in violation of this Settlement Agreement.

14. LSDI and Raskin relinquish any claims they have against Lindsay, ET, TAP, CMR, Nelson and Brownstein regarding the use of EDS or any program used or owned by LSDI or Raskin or any derivative work thereof or any aspect thereof by Lindsay, ET, TAP, CMR, Nelson and Brownstein, unless in violation of this Settlement Agreement.

15. All parties relinquish any monetary claims for damages against each other resulting from any claim of infringement of copyright, trade mark, trade secret, or patent infringement, whether State of Federal, tort, contract claim, or otherwise, from any party to this agreement and agree that there shall be no exchange of money from any party to the other whatsoever.

16. All parties shall be free to compete with each other in the marketplace, as to any and all customers, without restriction, and to the extent any restraints or injunctions or dealings with any customers whatsoever has been ordered in this lawsuit, any such Orders are hereby rescinded. All competition shall be in a fair manner.

17. No party shall disparage any other party as to character, integrity, gender, lifestyle, or past behavior, but all parties are free to compete or solicit customers on the basis of a claim of better service, better products, better prices, or other claims which do not slander, disparage, or demean any other party to this agreement.

18. Lindsay, Nelson, Brownstein, ET, TAP and CMR represent and warrant to the other parties to this agreement that they are the sole owners of the copyrights and publication identified in paragraphs 2, 3, 4, 5, and 6 above and that no other party other than as provided for herein has any interest therein, including, but not limited to any interest by way of contract, assignment and/or license. Raskin and LSDI acknowledge this.

19. LSDI and Raskin represent that from July 21, 1997 they have not obtained any property or information from COSI, Dynatrom, The Specialists, Track America, David Waxser, their subsidaries or affiliates, or their employees or agents which property or information is owned by, TAP, ET, CMR, Lindsay, Nelson or Brownstein.

20. If a claim from an entity not a party to this Agreement arises from any claim to rights granted by the other parties to this agreement, arising from conduct of Raskin or LSDI, Raskin and LSDI warrant to all the other parties to this agreement that they will defend, indemnify and protect all other parties from any claim of ownership or lease rights to any of the copyrights or original publication referred to in paragraphs 2, 3, 4, 5, or 6 of this

SEP 18 '98 15:29 CMR-S. HACK. N.J. P.6

agreement, if said third party entity's claim is alleged to be a derivative from a computer program system or work from Raskin or LSDI.

21. If a claim from an entity not a party to this agreement arises from any rights granted by Lindsay, Nelson Brownstein, CMR, TAP or ET arising from conduct of Lindsay, Nelson, Brownstein, CMR, TAP or ET, the party whose conduct caused this claim warrants to Raskin and LSDI that it will defend, indemnify, and protect Raskin and LSDI from any such claim.

22. Lindsay, Nelson, Brownstein, TAP, CMR and ET warrant to all the other parties to this agreement that they will defend, indemnify and protect all other parties from any claim of ownership or lease rights to the LSDI Program if said claim is alleged to be a derivative from a computer program system or work from Lindsay, Nelson, Brownstein, TAP, CMR or ET.23. Except for conduct that is permitted pursuant to this Agreement, the parties agree to abstain from any illegal, unethical, dishonest or improper obtaining of data from any of the other parties, or from any agents or customers of the other. They agree not to hire, employ, or engage others to solicit data or material from the opposing parties.

24. Each party acknowledges and agrees that in the event of any breach of the obligations herein, that another party to this agreement may suffer irreparable injury, such that no remedy of law will afford the offended party adequate protection against or adequate compensation for such injury. Accordingly, the party claiming to be injured thereof may be entitled to injunctive relief, as may be granted by a Court of competent jurisdiction, which will not limit or diminish its rights to claim compensatory damages.

25. All parties agree not to communicate to outside parties that they are the victors in this litigation. Each party shall limit disclosure of the terms of this agreement to prospective

customers or other third parties. LSDI and Raskin agree not to inform anyone that they have any ownership rights or proprietary interest, except as provided for herein, in the copyrights, original publications, and business modifications, including derivative works, thereto owned by the other parties to this agreement. Nothing herein prohibits any party from informing others of the rights that they have pursuant to this Settlement Agreement. Lindsay, Nelson, Brownstein, TAP, CMR, and ET agree not to claim any ownership rights or proprietary interest, except as provided for herein, in the LSDI Program and business modifications, including derivative work that is independently developed by LSDI or Raskin to said computer program presently owned by LSDI and Raskin (i.e. the LSDI Program), subject to paragraph 19.

26. This agreement sets forth the entire agreement and understanding between the parties, as to the subject matter hereof and is in full settlement of all claims and issues in this litigation, including all claims and issues in the First Amended Complaint.

27. This agreement shall not be in any way construed by any party as an admission of a violation of any right of any other party. This agreement is intended only to resolve all matters in this litigation between the parties. This agreement is not to be construed as an admission by any party as to the merits of any claim of any other party.

28. All parties agree that a Stipulation of Dismissal with Prejudice of all parties' claims, without costs, against all other parties to the litigation shall be filed with the Court.

29. Tina Lindsay, TAP, Ginger Nelson, Peter Brownstein, ET, and CMR, hereby release LSDI, and Raskin, and forever discharge them from any and all actions, suit, debts, contracts, charges, complaints, claims, liabilities, obligations, promises, agreements,

controversies, damages, and expenses of any nature whatsoever in law or equity up to the date of this agreement, with the exception of a wage and hour claim of Lindsay.

30. LSDI and Raskin release all the other parties to this agreement and forever discharge them from any and all actions, suits, debts, contracts, charges, complaints, claims, liabilities, obligations, promises, agreements, controversies, damages, and expenses of any nature whatsoever in law or equity, up to the date of this agreement.

31. This agreement cannot be amended, supplemented, or modified and no provision may be waived, except by a written instrument executed by the party or parties against whom enforcement of any such amendment, supplement, modification, or waiver is sought.

32. Raskin and/or LSDI agree to hold Lindsay, TAP, Ginger Nelson, Peter Brownstein, CMR and ET harmless from any claims of any nature that may be asserted against them by Future Prospective Clients, Inc., unless commenced by Harry Leifer in an individual capacity or any successor or assignee of him.

IN WITNESS WHEREOF, the parties have hereunto set their hands and seals, or caused there presence to be executed by the proper corporate officers.

CONSUMER MARKETING RESEARCH, INC.

BY: _____ 9/18/98
GINGER NELSON, PRESIDENT

_____ 9-18-1998
PETER BROWNSTEIN, individually

_____ 9/10/98
TINA LINDSAY, individually

WITNESS AS TO ALL
_____

LIST SERVICE DIRECT, INC.

BY: _____ 9/17/98
MICAH RASKIN, PRESIDENT

_____ 9/17/98
THOMAS RASKIN, individually

_____ 9/17/98
MICAH RASKIN, individually

TAP SYSTEMS, INC.

*Tina Lindsay 9/18/98*
TINA LINDSAY, PRESIDENT

Dated: September 8, 1998

Master forms/Raskin2

WITNESS AS TO ALL

*[signature]*
KENNETH P. TRAUM

*Ginger Nelson 9/18/9*
GINGER NELSON, individually

ETHNIC TECHNOLOGIES, LLC

BY: *Tina Lindsay 9/18/9*
TINA LINDSAY, MANAGING MEMBER