# Exhibit 14

## SETTLEMENT AGREEMENT

This SETTLEMENT AGREEMENT is entered into and made effective as of May 25, 2010 by and among Ethnic Technologies, LLC ("E-Tech"), TAP Systems, Inc. ("TAP"), and Consumers Marketing Research, Inc. ("CMR") (collectively, the "Settling Companies"), and Gabrielle "Ginger" Nelson, Tina Lindsay, and G. Zachary Wilhoit (collectively, the "Settling Defendants"), all having a business address at 600 Huyler Street, South Hackensack, New Jersey 07606, and Peter Brownstein, with an address at 54 Broad Avenue, Apartment 5B, Palisades Park, New Jersey 07650.

1.1     Brownstein, the Settling Companies and the Settling Defendants are parties to the action entitled *Brownstein v. Lindsay,* Docket No. BER-C-150, and in the matter entitled *Ethnic Technologies, LLC v. Brownstein, et al.,* Docket No. BER-C-209 (collectively, the "Actions"), both pending in the Superior Court of New Jersey, Bergen County, Chancery Division.

1.2     The Actions allege, *inter alia,* various claims seeking the compelled sale of the equity interests of the parties under the New Jersey Oppressed Shareholder Act and the New Jersey Limited Liability Company Act, together with other common law causes of action.

1.3     In light of the inherent risks and costs of litigation, and without any admission of fault, the parties agreed on May 25, 2010, effective immediately, to settle the claims at issue in the Actions through the transfer of Brownstein's entire equity interest in TAP as provided in this Agreement and the release of any equitable membership interest Brownstein may hold in E-Tech and to release all claims, other that those expressly excluded by the terms of this Agreement, that the parties may have by and among themselves and against any third party arising out of their activities as individuals and as owners, managers, stockholders, members, officers and/or employees of the Settling Companies.

DEFENDANT'S
EXHIBIT
14

2.1     In consideration of the settlement, Brownstein hereby transfers to E-Tech, or such other person or entity as the Settling Defendants may determine, all of his stock in TAP for $1,100,000.

2.2     E-Tech shall pay $600,000 for Brownstein's attorney's fees as invoiced and allocated for state and federal tax purposes in accordance with Appendix A and Paragraph 2.4 of this Agreement.

2.3     E-Tech shall pay $200,000 to Brownstein for the non-compete agreement provided herein as separately invoiced in accordance with Paragraph 2.4 of this Agreement.

2.4     The total amount to be paid is $1,900,000, inclusive of interest, payable as follows:  60% upon the signing of this Agreement and the remaining 40% on the one year anniversary of such signing. Any such amount may be prepaid without penalty at any time.  All payments shall be made by checks drawn to the order of the Trust Account of The McDaniel Law Firm, PC as attorneys for Peter Brownstein.

2.5     In the event that any payment under this Agreement is not paid on or before its due date, counsel for Brownstein shall serve written notice to Defendants and counsel for Defendants as provided herein. If the default is not cured within 5 days of receipt of such notice, Brownstein may file a motion with the Superior Court to enter Judgment for the amount due.

2.6     Brownstein resigns as Managing Member, Member of the Board of Directors, Chief Information Officer and any and all other positions held by him or that he contends are held by him with the Settling Defendants and Settling Companies and acknowledges that the settlement of this dispute extinguishes any and all other right, title and interest he may have as a shareholder, officer, employee or director in TAP or as manager, partner, member, officer,

- 2 -

director or employee of E-Tech.  Notwithstanding the foregoing, Brownstein's resignation and

renouncement of any equity interest in the Settling Companies shall have no effect on the issues

in dispute in *Brownstein v. Lindsay, et al.,* Civil Action No. 10-cv-1581, pending in the United

States District Court for the District of New Jersey (the "Federal Action.").

2.7    The parties shall execute such other and further additional agreements and

documents as are necessary and appropriate to effectuate the parties' intentions hereunder (e.g.,

signing documents removing any signatory or other rights Brownstein might have to bank

accounts, etc.).

2.8    The Settling Companies and Settling Defendants will allow Brownstein to pick up

his personal property, including floppy disks that he brought with him to E-Tech containing only

his personal property, but excluding all Settling Companies' or Settling Defendants' items, or

any item bearing the "TAP", "E-Tech or "CMR" prefix or designation.  Lindsay will make

appropriate arrangements with Brownstein for him to retrieve such property as described above

at a mutually agreeable time.  This section 2.8, however, shall have no effect on the issues in the

Federal Action.

2.9    Brownstein shall return all property of the Settling Defendants or Settling

Companies of any kind including any copies of items taken from the business premises *(e.g.,* the

TAP checkbook, business certificates of any kind, financial or other records, contracts, lists of

customers, lists of licensees, software in any form, *etc.)*

3.1 **Dismissal of Claims.**  The Parties hereby acknowledge and affirm that by

Order dated May 26, 2010, the Hon. Ellen Koblitz dismissed the Actions with prejudice in

accordance with the parties' settlement agreement as placed on the record of the Court on May

25, 2010.  A copy of the Order and transcript of the proceeds is attached hereto as Exhibit A.

- 3 -

3.2    Upon the execution of this Agreement, Brownstein shall vacate the default judgment and cause to be dismissed with prejudice the claims asserted against Third-Party Defendant Harry Leifer.

3.3    This settlement, the mutual releases contained in this Agreement, and the dismissal of the Actions in the Superior Court are without prejudice to and shall have no effect on (a) the issues in the Federal Action, (b) the matters that were excluded from the Actions by the Order of the Hon. Ellen Koblitz dated April 23, 2010, a copy of which is annexed hereto as Exhibit B, (c) all claims related to or arising out of prior year tax issues of E-Tech, and (d) all claims related to or arising out of prior year tax issues for TAP, which TAP issues Brownstein and Lindsay agree to act in mutual good faith to resolve.

4.1    **Non-Competition.**  For a period of 10 years from the date of this Agreement, or such lesser time as determined to be enforceable, Brownstein will not use ethnic, ethnic-related, religious, country of origin, assimilation, language, language preference, gender and/or acculturation data for any commercial purpose or provide same to any other person or entity.

4.2    Brownstein shall not operate under the names of the Settling Companies or otherwise indicate any present affiliation with the Settling Companies or the Settling Defendants.

4.3    Insofar as Brownstein engages in permitted commercial activities, *i.e.,* activities not in contravention of the restrictive covenant in Section 4.1, Brownstein agrees that he will not engage in acts of unfair competition, including without limitation the misappropriation of trade secrets or proprietary information, as the same may be defined by the common law or statutory laws of the state of New Jersey.

5.1    **Mutual Releases.**

5.1.1. **From Brownstein.** In consideration of the settlement and this Agreement, the receipt and sufficiency of which is hereby acknowledged, and with the exception of only the matters listed in Section 3.3 of this Agreement, Peter Brownstein and his heirs and assigns, hereby release and forever discharge the Settling Defendants and the Settling Companies, and their respective owners, managers, members, officers, directors, shareholders, employees acting on behalf of the Settling Companies, heirs, predecessors, successors and assigns, from any and all claims, actions, causes of actions, damages, suits, debts, dues, accounts, bonds, agreements, contracts, covenants, promises, torts, judgments, costs, attorney's fees, witness fees, expenses, compensation claims and demands whatsoever, of every nature, kind and description, whether known or unknown, accrued or unaccrued, in law or in equity, that were raised or which could have been raised in the Action or any other litigation, arbitration or any other forum, arising out of or in connection with or related, either directly or indirectly, with the matters set forth in the Actions from the beginning of time up to and including May 25, 2010.

5.1.2. **From Defendants.** In consideration of the settlement and this Agreement, the receipt and sufficiency of which is hereby acknowledged, and with the exception of only the matters listed in Section 3.3 of this Agreement, Defendants and their respective owners, managers, members, officers, directors, shareholders, employees acting on behalf of the Settling Companies, heirs, predecessors, successors and assigns hereby release and forever discharge Peter Brownstein and any of his successors, heirs and assigns from any and all claims, actions, causes of actions, damages, suits, debts, dues, accounts, bonds, agreements, contracts, covenants, promises, torts, judgments, costs, attorney's fees, witness fees, expenses, compensation claims and demands whatsoever, of every nature, kind and description, whether known or unknown, accrued or unaccrued, in law or in equity, that were or could have been raised in the Actions or

any other litigation, arbitration or any other forum, arising out of, in connection with or related now to, either directly or indirectly, with the matters set forth in the Actions from the beginning of time up to and including May 25, 2010.

6.1     **Non-Disparagement.**  The parties shall refrain from making negative or disparaging remarks to any third parties, including by way of example but without limitation remarks concerning the other parties' performance, morals, competency, character, mental state, finances or business.

6.2     **No Contact.**  Brownstein shall not have contact, direct or indirect, with Gabrielle "Ginger" Nelson. Brownstein also shall not have any contact with any customer of the Settling Companies concerning any of the data identified in the non-competition provision of this Agreement.

6.3     **Dismissal of Municipal Court Charges.**  Gabrielle "Ginger" Nelson will promptly use her best efforts to have the  criminal complaints pending in the South Hackensack Municipal Court dismissed.

7.1     **No Admission of Liability.**  Nothing contained in this Agreement shall in any way be deemed an admission or determination of any liability, fault or culpability of any kind or nature on the part of any of the Parties.

7.2     **No Assignment of Claims.**  The Parties represent and warrant that they have not assigned, transferred, pledged, encumbered, created or suffered the creation of any security interest, judgment, execution, levy, notice of levy, lien, charge, encumbrance or ownership interest of any kind, consensual or nonconsensual, in or to any of the claims that are being released as part of this Agreement and Brownstein further represents and warrants that he has not assigned, transferred, pledged, encumbered, created or suffered the creation of any security

interest, judgment, execution, levy, notice of levy, lien, charge, encumbrance or ownership interest of any kind, consensual or nonconsensual, in or to any of the stock of TAP that is hereby transferred.

7.3     **Construction.**  This Agreement is a compromise and settlement of disputed claims and is the product of informed, arms length negotiations between parties represented by counsel. In the event of a dispute under this Agreement, this Agreement shall not be construed against any party due to authorship of either the Agreement or any term of the Agreement.

7.4     **Governing Law.**  This Agreement shall be construed and enforced in accordance with the laws of the State of New Jersey, without regard to conflict of laws. The Superior Court of New Jersey, Bergen County, shall have exclusive jurisdiction and venue to adjudicate any dispute concerning the enforcement of its terms.

7.5     **Headings.**  The headings contained in this Agreement are inserted only as a matter of convenience and for the purposes of organization and reference and shall in no way be construed to define, limit or extend the scope of the Agreement or the effect of any of its provisions.

7.6     **Severability.**  The terms of this Agreement are separately enforceable and severable. If any term of this Agreement is held invalid, such invalidity shall not effect the other provisions or application of the Agreement which can be given effect without the invalid provisions or applications.

7.7     **Successors and Assigns.**  This Agreement shall be binding upon and inure to the benefit of the Parties hereto, as well as to their respective heirs, successors and assigns.

7.8     **Entire Agreement.**  This Agreement is a memorialization of the terms of settlement placed on the record on May 25, 2010, and the transcript of that proceeding taken

together with this Agreement set forth the entire understanding of the parties. Any previous agreements and understandings between the parties regarding the subject matter hereof are merged into and, if in conflict, superseded by the transcript and this Agreement. No amendments, alterations, modifications or variations of the terms of this Agreement are valid unless in a writing signed by all of the Parties to this Agreement.

7.9     **Notices.** All notices shall be made in writing and shall be deemed to have been made when hand delivered or delivered by overnight delivery service, such as Federal Express or UPS, to the parties at the addresses listed herein, or to any other addresses of which all parties are notified in writing, with a copy to counsel:

> Jay R. McDaniel, Esq.
> The McDaniel Law Firm, PC
> 54 Main Street
> Hackensack, New Jersey 07601
>
> Thomas S. Howard, Esq.
> Kirsch Gartenberg Howard LLP
> Two University Plaza
> Hackensack, New Jersey 07601

8.1     **Signature.** The persons signing this Agreement represent and warrant that they have read the terms of this Agreement; that they have discussed such terms with their respective attorneys; and that, by signing this Agreement, they represent that they understand the terms stated herein and agree to be bound by them.

8.2     **Authority.** The persons signing this Agreement represent and warrant that they have the authority to sign this Agreement on behalf of the party for whom they are signing.

8.3     **Counterparts.** This Agreement may be executed in counterparts with the same force and effect as if executed in one complete document. Facsimile signatures shall have the same effect as the original signature.

**BY SIGNING THIS DOCUMENT, I ACKNOWLEDGE THAT I HAVE READ IT, THAT I HAVE CONFERRED WITH MY ATTORNEY CONCERNING ITS TERMS AND EFFECT, THAT I UNDERSTAND ITS TERMS; AND THAT I AGREE TO BE BOUND BY THOSE TERMS.**

PETER BROWNSTEIN

GABRIELLE "GINGER" NELSON

TINA LINDSAY

G. ZACHARY WILHOIT

ETHNIC TECHNOLOGIES, LLC

By:
Name: G. Z. WILHOIT
Title: CEO

TAP SYSTEMS, INC.

By:
Name:

CONSUMERS MARKETING RESEARCH, INC.

By:
Gabrielle "Ginger" Nelson

9

BY SIGNING THIS DOCUMENT, I ACKNOWLEDGE THAT I HAVE READ IT, THAT
I HAVE CONFERRED WITH MY ATTORNEY CONCERNING ITS TERMS AND
EFFECT, THAT I UNDERSTAND ITS TERMS; AND THAT I AGREE TO BE BOUND
BY THOSE TERMS.

_Peter G. Brownstein_
PETER BROWNSTEIN

_____
GABRIELLE "GINGER" NELSON

_____
TINA LINDSAY

_____
G. ZACHARY WILHOIT

ETHNIC TECHNOLOGIES, LLC

By:_____ Name:
Title:

TAP SYSTEMS, INC.

By:_____ Name:

CONSUMERS MARKETING RESEARCH, INC.

By:_____ Gabrielle
     "Ginger" Nelson

9